## Lichty *versus* Hugus.

1. The Statute of Limitations will not run against an attorney's bill for fees until the dissolution of the relation between him and his client.

2. The judgment in a suit was reversed by the Supreme Court and a *venire de novo* awarded.   *Held,* that this did not terminate the professional relation.

3. The client is bound to make a fair and reasonable compensation to his counsel, and it is fraud on the counsel for the client to settle the suit without his knowledge, to withhold his fees and then set up the Statute of Limitations against him.

4. After bringing a suit for his fees, other services rendered by an attorney in the original suit, if not required by the client nor for his benefit, would not revive the relation nor avert the effect of the statute.

May 22d 1867.    Before WOODWARD, C. J., THOMPSON and AGNEW, JJ.    STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Somerset county.*

This was an action of assumpsit, brought January 5th 1866, by Isaac Hugus, Esq., for professional services as an attorney-at-law, against Joseph Lichty.   The pleas were payment, and the Statute of Limitations.   A suit was brought February 15th 1855 in the Court of Common Pleas of Somerset county, in which Joseph Lichty was one of the defendants.   Hugus was his counsel in the case.   A verdict and judgment were recovered against Lichty, November 14th 1856, and he removed the case to the Supreme Court.   Mr. Hugus was Lichty's counsel in that court. On the 16th of November 1857 the judgment was reversed, and a *venire facias de novo* awarded.   In 1857 or 1858 the suit was settled by the parties and ended.

[Lichty *v.* Hugus.]

There was evidence as to Mr. Hugus's knowledge of the settlement. The record showed that a rule of reference in the case was entered by Mr. Hugus for the defendant April 7th 1866.

The defendant submitted these points:—

1. If the jury believe that the services for which the plaintiff seeks to recover payment from the defendant in this action were rendered more than six years before the commencement of this suit, the plaintiff's right to recover is barred by the Statute of Limitations, and he cannot recover.

2. That no act of the plaintiff, nor services rendered by him since the beginning of this suit, can take the case out of the Statute of Limitations.

3. That if the jury believe that the case of Perry Rowen's Administrator *v.* Rowen and Lichty, the case in which the services for which compensation is sought to be recovered in this suit, was settled and finally disposed of by the parties more than six years before the bringing of this suit, the plaintiff's claim is barred by the Statute of Limitations, and he cannot recover.

4. That if the jury believe that the case of Rowen's Administor *v.* Rowen and Lichty was disposed of by the Supreme Court of Pennsylvania, November 16th 1857, the plaintiff had a right of action for his services against his employers in that case, which would be barred by the Statute of Limitations after the lapse of six years.

5. That under all the evidence in the case the plaintiff is not entitled to recover, and their verdict should be for the defendant.

6. That the attempt to revive the proceedings by entering a rule of reference in the case, within the year 1866, could not and did not avoid the effect of the Statute of Limitations, if Mr. Hugus, the person who issued it, had notice of the settlement of the case between Mr. Colborn and Lichty, in 1857 or 1858.

King, P. J., charged:—

"1. The proposition stated in the 1st point is correct. The Statute of Limitations operates as well against attorneys at law as others, and if you are satisfied that the relation of attorney and client, in regard to the services for which compensation in this case is claimed ceased for more than six years before the commencement of this action, the plaintiff's claim is barred by the Statute of Limitations.

"2. If you believe that the services rendered by the plaintiff since the bringing of this suit were not required by, nor were for the benefit of the defendant, they will not revive a relation that had ceased, and cannot be available to avoid the bar of the statute.

"3. We affirm this point, if you believe that Mr. Hugus had full notice of the settlement. Parties cannot settle their cases in

[Lichty *v.* Hugus.]

the absence, or without the knowledge of their attorneys for the purpose of depriving them of their costs or fees.

"4. The position here assumed is not sound, if we understand it correctly. The decision by the Supreme Court did not terminate the professional relation. It simply remitted the cause to the Court of Common Pleas. The statute only begins to run from the time the professional relation was dissolved.

"5. In answer to this point we can only repeat what we have already said to you, that if you believe from the evidence that the relation of attorney and client between these parties was terminated more than six years before this suit was commenced, the plaintiff cannot recover.

"6. To this last point we reply that no attempt of the attorney to revive a case which has been definitely settled between the parties with the knowledge of the attorney can avoid the effect of the Statute of Limitations. If it was Mr. Hugus's purpose, by entering the rule of reference, to re-establish the relation of attorney and client between himself and the defendant which had long ceased, and by this means evade the operation of the statute, it was an abortive and useless effort. This question depends on whether you may find from the evidence that Mr. Hugus had knowledge of the settlement made in 1858 and assented to it.

"In addition to what we have said in reply to the defendant's points it may not be amiss to remark that very erroneous opinions prevail in many parts of the country, in reference to the value of professional services rendered by members of the bar. It requires a great deal of time and oftentimes very heavy expense to become properly qualified to discharge the responsible duties they are called upon to perform; and when these duties are faithfully performed they deserve to be properly remunerated. The evidence in this case is that $100 would be a moderate compensation for the plaintiff's services in a case that was tried not only in this court, but also in the Supreme Court, and, if the plaintiff has not excluded himself from your verdict by waiting too long before he commenced his action, you ought to find for him what the witnesses have proved he is entitled to."

There was a verdict for the plaintiff for $103.50. In the Supreme Court, to which the defendant removed the case, the answers to the points were assigned for error.

*A. J. Colborn*, for plaintiff in error.

*G. F. Baer*, for defendant in error, cited Foster *v.* Jack, 4 Watts 337.

The opinion of the court was delivered, July 3d 1867, by WOODWARD, C. J.—The plaintiff in error has small reason to

[Lichty *v.* Hugus.]

complain of the answers which the court gave to his points. It surely was not erroneous to say that the Statute of Limitations would not begin to run against a bill of attorney's fees until the dissolution of the relation betwixt him and his client. If the law were not so, every attorney to assert the statute would have to sue his clients once in six years, which would be destructive to the confidence which is essential to the relation. The point was ruled in Foster *v.* Jack, 4 Watts 334, and is not open for further discussion.

Equally clear is it that the reversal of the first judgment in the Rowen suit did not terminate the professional relation, for there was a remittitur with a *venire facias de novo*, which required the further attention of Mr. Hugus. And though it is always competent for parties to compromise their litigation, the learned judge said they could not do it " without the knowledge of their attorneys for the purpose of depriving them of their costs or fees."

The morality of the relation demanded this qualification, for as counsel owe good fidelity to clients, so the client is bound to make fair and reasonable compensation to his counsel, and it is a fraud upon the counsel for the client to settle the suit without his knowledge, to withhold his fees, and then to set up the Statute of Limitations against him. Whether Hugus had notice of the settlement, and whether the relations terminated within six years before suit brought were fairly submitted as questions of fact to the jury. If the court did not instruct the jury as to what would determine the relation, it is a sufficient answer they were not requested to instruct upon this point. They did, however, sufficiently instruct upon this point when they said that services rendered since the bringing of this suit if not required by the defendant, nor for his benefit, would not revive the relation nor avert the bar of the statute, the jury found under the rulings that the relation of counsel and client had not ceased six years before suit brought, and that was decisive against the bar of the statute.

The judgment is affirmed.