## NEW HOLL. TURNP. CO. v. FARMERS' INS. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Submitted May 18, 1890—Decided October 26, 1891
[To be reported.]

(*a*) In 1871, a turnpike company took out a policy of insurance upon a bridge, paying premiums regularly until 1882, when the bridge was burned. In an action to recover upon the policy, it was judicially determined in 1888, that the turnpike company had no insurable interest in the bridge, and its action failed:

1. A suit brought by the turnpike company against the insurance company in 1890, to recover back the premiums paid, was barred by the statute of limitations, whether the cause of action arose at the date of the payment of the premiums, of the fire, or of the refusal to pay the insurance or to repay the premiums.
2. Ignorance of one's rights will not stay the operation of the statute. The law imposed upon the plaintiff the duty to know its rights, and it will be conclusively presumed that it did know them, especially as the want of an insurable interest was persistently asserted in the former action from the start.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 23 January Term 1891, Sup. Ct.; court below, No. 22 February Term 1890, C. P.

On January 28, 1890, a case stated was filed wherein the New Holland Turnpike Road Company was plaintiff, and the Farmers' Mutual Insurance Co. of Lancaster county was defendant, setting forth that the plaintiff and defendant were legally constituted corporations, and proceeding :

"2. That the company defendant by their policy of insurance dated the twentieth day of January, 1871, insured, for the company plaintiff in this action, a certain bridge over Conestoga creek, on the route of the New Holland turnpike road, at the sum of four thousand dollars.

"3. That the company plaintiff in this action paid all dues and assessments to the company defendant in this action, from.

the date of the policy to the twenty-fifth day of November, 1882, on which day and date the said bridge was totally destroyed by fire.

"4. That payments of premiums, assessments, etc., were made as follows, viz. : "

[Here followed a list of payments of premiums aggregating $95.10, the first on January 20, 1871, and the last on April 4, 1882.]

"5. That the said New Holland Turnpike Road Company brought suit against the said Farmers' Mutual Insurance Company of Lancaster county, upon the said policy of insurance, for the amount thereof, in the Court of Common Pleas of Lancaster county, to June Term 1883, No. 35.

"6. That the said suit was tried on the seventeenth day of October, 1887, and a verdict given for the plaintiff for $5,130, and that a writ of error in the case from the Supreme Court was filed October 21, 1888, at the instance of the defendant.

"7. That the said writ of error was entered in the Supreme Court of Pennsylvania, to January Term 1888, No. 87, and was argued in said Supreme Court in May, 1888, at Philadelphia. ·

"8. That the Supreme Court of Pennsylvania, by their opinion, given out in October, 1888, reversed the decision of the Court of Common Pleas of Lancaster county, in the case, on the ground that the plaintiff below had no insurable interest in the bridge which the policy of insurance was intended to insure.

"9. That the whole proceedings are free from any allegation or suspicion of fraud; that the insurance was effected in good faith by both parties to the contract, and that there was no change in the situation from the date of the policy to the date of the fire, when, and not before, the question of no insurable interest of the plaintiff below, was first raised by the company defendant below, and was so decided by the Supreme Court of Pennsylvania at the time mentioned, to wit, October, 1888.

"10. That the said dues and assessments paid by the said New Holland Turnpike Road Company to the said Farmers' Mutual Insurance Company of Lancaster county, are now held by the said Farmers' Mutual Insurance Company of Lancaster county, to wit: The said sum of $95.10, which sum the said

company plaintiff has demanded from the said defendant, and the company defendant has refused and still refuses to pay.

"11. If on this statement of facts the court are of the opinion that the said insurance company, defendant in this case stated, are liable to refund the said amount to the plaintiff in this action, then judgment to be entered for the plaintiff for the sum of 95.10 and costs.   But, if the court should be of the opinion that the defendant is not liable to refund the same, then judgment for the defendant to be entered with costs. Either party to be entitled to take out a writ of error from the Supreme Court of Pennsylvania within sixty days after the rendition of the judgment, without recognizance or affidavit."

After argument, the court, PATTERSON, J., without opinion filed, entered judgment in favor of the plaintiff for $95.10 and costs.   Thereupon, the defendant took this appeal assigning the entry of judgment for the plaintiff, for error.

*Mr. H. M. North* and *Mr. A. O. Newpher*, for the appellant.

In the brief filed, counsel cited: De la Cuesta v. Insurance Co., 136 Pa. 62; Peebles v. Pittsburgh, 101 Pa. 304; Harvey v. Girard N. Bank, 119 Pa. 212; Brua's App., 55 Pa. 294; urging that (*a*) the money sought to be recovered was money voluntarily paid; (*b*) it was money paid as a gratuity and on a wager; (*c*) its recovery is barred by the statute of limitations; and (*d*) it is at best but the remnant of a matter that is res judicata: F. M. Ins. Co. v. Turnpike Co., 122 Pa. 37.

*Mr. Andrew M. Frantz*, for the appellee.

That the premiums paid were recoverable, counsel cited: 2 Phillips on Insurance, 4th ed., 513, §§ 1819, 1824–25, 1828–30; Angell on Insurance, 461, § 399, 464, § 405; Finney v. Insurance Co., 1 Metc. (Mass.) 19; and their recovery was not barred by the statute: Leinhart v. Forringer, 1 P. & W. 492; Smith v. Bell, 107 Pa. 352; Trickett on Lim., §§ 203, 204, 205.

OPINION, MR. JUSTICE CLARK:

It was settled in F. M. Ins. Co. v. Turnpike Co., 122 Pa. 37, that the turnpike company had no insurable interest in the bridge in question which would sustain a policy of insurance.

For this reason, in an action upon the policy to recover the amount of the alleged loss by fire, the turnpike company failed to recover. Assuming that upon this ground the turnpike company might have a right to recover back the premium paid, was not the action barred by the statute of limitations?

It is conceded that the insurance was effected " in good faith by both parties " to the contract, and that the entire transaction is " free from any allegation or suspicion of fraud." The turnpike company no doubt supposed it had an insurable interest in the bridge, and the insurance company issued its policy under the same belief. When the loss occurred, and the question as to the insurable interest arose, it was determined that none existed. If there was no insurable interest, there was nothing insured; the agreement to pay assessments was void for want of consideration, and the plaintiff was not bound for the assessments. The policy of insurance was dated 20th January, 1871; assessments were paid at various times between that date and 4th April, 1882, aggregating $95.10, the amount of plaintiff's claim; the bridge was burned 25th November, 1882, and this suit was brought 28th January, 1890.

Under these circumstances, the action would be for money had and received; and it is plain that a cause of action arose whenever the defendant had received moneys which in equity and good conscience it should not retain. It may be that the plaintiff was ignorant of its rights in this respect, until after the termination in this court of the action upon the policy, in October, 1888, but its ignorance of its rights would not stay the operation of the statute. The defendant, from the very commencement of that litigation, set up, by way of defence, the invalidity of the contract of insurance, arising out of the want of an insurable interest. It alleged nothing and did nothing inconsistent with this defence, and was in no way responsible for the plaintiff's tardiness in bringing this suit. The law imposed upon the plaintiff the duty to know its rights, and it will be conclusively presumed that it did know them, especially as the want of an insurable interest was positively and persistently asserted by the defendant in the previous action. The plaintiff cannot, therefore, be relieved from the closure of the statute on that ground.

There are cases where the plaintiff's rights arise upon the

act of the defendant, where he has no monition or warning whatever, either actual or constructive, which would reasonably lead him to suspect that a cause of action existed, and where no duty is imposed until such warning is received. Such are the cases of Leinhart v. Forringer, 1 P. & W. 492; Lichty v. Hugus, 55 Pa. 434; Fox v. Cash, 11 Pa. 207; Mitchell v. Buffington, 10 W. N. 361. But, in the case at bar, the cause of action was not of this character. Whether or not the plaintiff had an insurable interest was a matter equally within the knowledge of both parties.

Whether the cause of action arose at the time of the payment of each of the several assessments, or at the date of the payment of the last assessment, or upon the refusal of the insurance company to pay the insurance or to repay the assessments, or at the date of the fire, in any event the statute of limitations is a bar to the plaintiff's recovery.

> The judgment is reversed; and a judgment is now entered on the case stated in favor of the defendant.