## County of Lackawanna *v.* Duffy, Appellant.

*Public officers—County treasurer—Interest on county funds—Surcharge.*

The moneys of a county with which the county treasurer is entrusted do not belong to him but to the county, and any interest paid by the banks in which the said moneys are deposited belongs to the county and not to the treasurer.

Argued Feb. 25, 1915. Appeal, Nos. 38 and 39, Jan. T., 1915, by defendant, from judgment of C. P. Lackawanna Co., March T., 1913, No. 882, on case stated in case of County of Lackawanna v. P. F. Duffy. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Case stated to determine right of the county treasurer of Lackawanna County to interest on county funds on deposit.

NEWCOMB, J., filed the following opinion:

Defendant was treasurer of the county and upon the audit of his accounts he was surcharged by the controller the amount of interest received on the public funds while on deposit to his credit in various banks.

Therefore, the single question at issue is whether the interest belongs of right to him or to the county.

If it were one of first impression we might be able to entertain the theory of his counsel that in law the fund was not that of the county at all, but belonged to him by reason of his absolute liability; and in that case his right to the interest would follow as a matter of course. This view is urged with not little force; but it is believed the question must be regarded as no longer open. At least for the present we are bound by a ruling of the Superior Court which seems to be directly in point, and so long as that stands undisturbed it is controlling.

It is to be borne in mind that this county is in the so-called salary class. Yet in those where the treasurer's compensation is made up of divers fees and commissions, instead of a fixed salary prescribed by statute, it has been held that the fund officially in his hands belongs to the county, and for that reason he is accountable for any interest accruing thereon: Potter v. Page, 53 Pa. Superior Ct. 268.

This would seem to apply a fortiori where the office is on the salary basis; and must be deemed to rule the present case against the treasurer.

In accordance with the stipulation of parties judgment is directed for plaintiff as follows:

Fund ........................$6,849.25
Int. Jan. 6, 1913, at 3 per cent....    419.51

Total  ..................$7,268.76

The lower court directed judgment in favor of the plaintiff for $7,268.76 comprising funds and interest. Defendant appealed.

*Error assigned* was the judgment of the court.

*M. J. Martin,* with him *H. M. Streeter,* for appellant.

*John B. Jordan,* County Solicitor, and *J. W. Carpenter,* for appellees, were not heard.

PER CURIAM, March 22, 1915:

These two appeals are utterly without merit. The funds upon which interest was allowed by the several banks did not belong to the appellant, and he could make no profit out of them. If he had contracted for interest to be paid to him, he would have been guilty of a misdemeanor: Act of March 31, 1860, P. L. 382, Sec. 63. What he could not have done directly, public policy will not permit him to do indirectly. The judgment in each case is affirmed.