## UNITED STATES FIDELITY & GUARANTY CO. et al. v. DIME BANK TITLE & TRUST CO.

### No. 600.

District Court, M. D. Pennsylvania.

Jan. 15, 1931.

M. J. Martin, of Scranton, Pa., for plaintiffs.

John R. Hessel and James P. Harris, both of Wilkes-Barre, Pa., and Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to dismiss plaintiffs' bill which contains, in substance, the following allegations material in consideration of the motion: Thomas T. Thomas was tax collector for Luzerne county, Pa., for the years 1924, 1925, and 1926. He deposited money collected for taxes in different banks, one of which was the Dime Bank Title & Trust Company of Wilkes-Barre, a corporation of Pennsylvania, defendant in this case. In this bank he deposited the tax moneys to the account of "Thomas T. Thomas, Collector." Thomas purchased stock from stockbrokers and gave therefor his check, signed "Thomas T. Thomas" on the Dime Bank Title & Trust Company, the defendant, and the defendant bank paid the checks out of the account of "Thomas T. Thomas, Collector." The defendant bank knew at the time that all the funds in the account of "Thomas T. Thomas, Collector," were tax funds or public funds, and that the checks were given to brokerage houses for payment of stocks purchased by Thomas for his personal use or benefit. Thomas T. Thomas died May 27, 1927, leaving a shortage in his account, as collector of taxes, in the amount of $93,070.89. The defendant bank permitted the misappropriation by Thomas from the tax funds deposited in said bank of the sum of $13,500, which amount the plaintiffs, the United States Fidelity & Guaranty Company and the National Surety Company, paid on their obligations as sureties to the county of Luzerne and the poor district of Luzerne. The plaintiffs are now seeking in this bill to recover this amount from the defendant bank.

The grounds alleged in the motion to dismiss the plaintiffs' bill are the following: First, the improper joinder of the parties plaintiffs; secondly, the want of equitable jurisdiction; thirdly, failure to show that the funds in question were trust funds; fourthly, failure to allege a cause of action; and, fifthly, failure to join the legal representatives of the deceased tax collector.

On the face of the bill, the plaintiffs are properly joined. The complaint is common to both plaintiffs, the right under both claims is the same as to each and against the same defendant for doing acts which affected both alike and in the same manner, and the defense set up is common to both plaintiffs. Rafferty v. Central Traction Co., 147 Pa. 579, 23 A. 884, 30 Am. St. Rep. 763.

The plaintiffs ask to be subrogated to the rights of the county and poor district. This is an equitable remedy, and it appears to be the only remedy available to the plaintiff and that there is no other adequate remedy at law. National Surety Company v. State Savings Bank (C. C. A.) 156 F. 21, 14 L. R. A. (N. S.) 155, 13 Ann. Cas. 421; 4 Pomeroy's Equity Jurisprudence, § 1419; American Bonding Company v. Bank, 97 Md. 598, 55 A. 395, 99 Am. St. Rep. 466 and note; Bunting v. Ricks, 22 N. C. 130, 32 Am. Dec. 699; Board of Sup'rs Lauerdale Coun-

ty v. Alfrod, 65. Miss. 63, 3 So. 246, 7 Am. St. Rep. 637; National Surety Company v. State Savings Bank, 156 F. 21, 84 C. C. A. 187, 13 Ann. Cas. 421, and note, 14 L. R. A. (N. S.) 155.

The bill shows that the money deposited to the account of Thomas T. Thomas, collector, was public tax or public funds, and therefore trust funds.

"The moneys of a county with which the county treasurer is entrusted do not belong to him but to the county, and any interest paid by the banks in which the said moneys are deposited belongs to the county and not to the treasurer." County of Lackawanna v. Duffy, 248 Pa. 575, 94 A. 248.

"Where a county treasurer deposits public moneys in banks in his own name as treasurer, and the banks at stated intervals credit these accounts with interest, the treasurer has no authority to draw the interest from the official accounts and deposit it in his own personal accounts in the same banks." Potter v. Page, 53 Pa. Super. Ct. 268.

The bill does allege a cause of action. What was said in National Surety Company v. State Savings Bank (C. C. A.) 156 F. 21, on page 28, 14 L. R. A. (N. S.) 155, 13 Ann. Cas. 421, is applicable here:

"But it is argued, that, because the bank did not have actual knowledge and did not participate in the wrong perpetrated upon the county by Bourne, it is not brought within the principle of the foregoing cases, and should not be held liable to the surety. This view seems to have been adopted by the learned trial judge; but, after a full and patient consideration of the subject, we are unable to give it our sanction. The bank may not have been morally culpable; but its failure to discharge the duty of making inquiries suggested by the nonnegotiable character of the orders which it purchased, and by other circumstances attending the transaction, was an act of omission equally as effective to occasion injury to the county as many affirmative acts of commission could have been. Such inquiry at the auditor's or treasurer's office would have quickly disclosed that the payees were entitled to nothing, that they were myths, and that misrepresentation, fraud, and forgery were being practiced upon the county. Ignorance in fact occasioned by indulging indifference to almost obvious danger and negligence of the grossest sort is entitled to little consideration by a court of conscience. The bank's negligence operated as effectually to defraud the county as any willful or intentional participation in the fraudulent scheme could have done. If the bank did not have actual knowledge of the fraud, it did have, under well recognized law, constructive knowledge of all the facts which reasonable inquiry would have disclosed, and therefore of the fraud itself. Such knowledge in ordinary civil actions subjects its possessor to all the consequences of knowledge in fact, and we see no reason why it should not do so in the present case. Notwithstanding the contrary contention, we think a brief reference to the authorities will support our conclusion."

There is no occasion for the joining of the defendant bank with the legal representatives of the deceased tax collector. The surety companies are not seeking to assert any right against the legal representatives; they are simply seeking to be subrogated to the rights of the county and poor district of Luzerne county to which county and poor district the plaintiffs paid the moneys for which they were liable under their bonds. The court is not deciding the merits of this case. The question here is the sufficiency of the bill.

From the foregoing statement of facts and law, it is apparent that the motion to dismiss the plaintiffs' bill must be dismissed.

And now, January 15, 1931, the motion to dismiss the plaintiffs' bill is dismissed, and the defendant is directed to file an answer to the plaintiffs' bill within thirty days.