Columbia Casualty Company, Appellant, *v.* West-moreland County.

Argued May 26, 1950. Before DREW, C. J., STERN, STEARNE and JONES, JJ.

272

*Fred B. Trescher,* with him *James J. Burns, Jr.* and *Kunkle & Trescher,* for appellant.

*Jason Richardson,* Special Counsel, with him *Vincent E. Williams,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, June 26, 1950:

In this action for money had and received plaintiff seeks to recover on either of two theories; the court below rejected both, —one of them, in our opinion, mistakenly.

Plaintiff's complaint alleges that C. C. Stewart, who was the tax collector for the County of Westmoreland, was short in his accounts with the county treasurer in the amount of approximately $9,000. Stewart died, and shortly thereafter his daughter, Anna Kate Stewart, having been appointed tax collector for the School District of Derry Township in that county, executed two checks for the purpose of meeting that shortage, —one in the amount of $5,700 payable to the order of "C. C. Stewart Est." and endorsed in blank by the administrator of that estate, and the other in the amount of $3,300 payable to the order of "M. L. McWherter, Treas.", he being the treasurer of Westmoreland County. The $5,700 check was signed "Anna Kate Stewart, Coll."; the $3,300 check was signed "Anna Kate Stewart, Tax Coll."; both checks were drawn on the account which Anna Kate Stewart maintained as tax collector in the Fidelity Deposit Bank of Derry and were duly delivered

to the county treasurer. The complaint avers that she thus "wilfully misapplied" the school district's moneys and that the county wrongfully converted them to its own use by accepting them when, through its officers, it knew, or should have known, that the shortage of C. C. Stewart was being paid from funds belonging, not to Anna Kate Stewart individually nor to the estate of C. C. Stewart, but to the School District of Derry Township. Plaintiff, Columbia Casualty Company, was the surety on Anna Kate Stewart's bond as tax collector for the school district and as such was compelled to pay to the school district the sum of $9,000 with interest which it now seeks to recover in this action, the school district having assigned to it its own right of recovery. The complaint further avers, as an alternative basis for plaintiff's claim, that the $9,000 was "erroneously or inadvertently" paid by Anna Kate Stewart into the treasury of Westmoreland County under an assumption that such taxes were due and owing from the School District of Derry Township when in fact such taxes were not so due and owing.

Defendant filed preliminary objections in the nature of a demurrer to the complaint. The court sustained the objections, dismissed the complaint, and entered judgment in favor of defendant. It pointed out that plaintiff's allegation that the $9,000 was paid by Anna Kate Stewart *erroneously or inadvertently* under an assumption that that amount was due and owing from the school district for taxes was wholly inconsistent with plaintiff's other allegation that the money so paid by Anna Kate Stewart was a *wilful misapplication* of funds of the school district in order to pay the shortage in her father's account with the county treasurer. The Act of May 21, 1943, P. L. 349, allows a recovery of any taxes erroneously or inadvertently paid into the treasury of any political subdivision under an assumption that such taxes were due and owing when in fact they were not due and owing to

the political subdivision. It is clear, however, from the other averments in the complaint that the payment was not made by Anna Kate Stewart erroneously or inadvertently under any mistaken assumption as to the facts, and that the checks were not intended or considered by her to constitute payments of taxes due by the school district to the county, but were solely for the purpose of paying her father's indebtedness to the county. And even if the payment *were* to be treated as one of taxes such taxes *would* have been due and owing to the county and for that reason also the Act of 1943 could not be invoked as granting the right of recovery in this action.

Plaintiff's claim rests more securely, however, upon another basis, namely, the common law principle that if an agent or fiduciary transfers property of his principal or beneficiary to a third person in payment of the personal indebtedness of himself or another, the principal or beneficiary may recover the amount thus paid if the person receiving the payment accepted it with knowledge, or was put upon notice by appearances and circumstances, that the payer was thereby committing a breach of his duty as agent or fiduciary: *Fehr v. Campbell,* 288 Pa. 549, 556, 137 A. 113, 115, 116; *Norristown-Penn Trust Company v. Middleton,* 300 Pa. 522, 150 A. 885; *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Ninth Bank & Trust Co.,* 306 Pa. 148, 158 A. 251; *Schmitt v. Potter Title & Trust Co.,* 61 Pa. Superior Ct. 301; Rest. Agency, §314 and comment (a); Rest. Trusts, §§296, 297 and comment (o).

It is *not* the law in Pennsylvania that a public official who is the custodian of public funds may properly use them for his own benefit, with his resulting liability being limited to his official bond. On the contrary, all of our later cases hold that such funds do not belong to the official as his individual property but are public moneys held by him in a fiduciary capacity and for which he must account accordingly: *County of Lackawanna v.*

*Duffy*, 248 Pa. 575, 94 A. 248 (county treasurer); *Erie County v. Lamberton*, 297 Pa. 406, 147 A. 86 (clerk of courts); *Trestrail, Administrator, v. Johnson, Sheriff*, 298 Pa. 388, 148 A. 493 (sheriff); *Gordon, Secretary of Banking, v. Dime Bank Title & Trust Co.*, 315 Pa. 305, 172 A. 664 (agent, transfer inheritance tax); *Potter County v. Page*, 53 Pa. Superior Ct. 268 (county treasurer). This is specifically true of tax moneys in the custody of a tax collector and deposited by him in an account under his name as such: *Witherow v. Weaver*, 138 Pa. Superior Ct. 172, 10 A. 2d 108; *Witherow, Receiver, v. Weaver*, 337 Pa. 488, 12 A. 2d 92. In the latter case it was said (p. 491, A. p. 93): "By using the word 'Collector', Weaver expressly stamped the funds, not as his own, but as belonging in equity to some third person. Our law abounds with instances where words of similar fiduciary import created a presumption that the funds were not personal deposits, but were trust funds." And it was further said (p. 493, A. p. 94): "Where such an officer diverts the funds received by virtue of his office in the satisfaction of a personal debt, equity considers them to be trust funds, and at the instigation of those interested will follow and reclaim them from the hands of an assignee with notice." See also *Witherow, Receiver, v. Bond*, 337 Pa. 494, 12 A. 2d 95. In *Erie County v. Lamberton*, 297 Pa. 406, 415, 147 A. 86, 89, it was said: "Though in some jurisdictions it has been held the officer becomes merely a debtor when the fund is deposited in his official account, yet in Pennsylvania such moneys may be followed by those entitled thereto, and reclaimed against one into whose possession they have come, where he had actual or implied notice of their character." Accordingly it was held in that case that where a public officer deposited public money in his own name as "clerk of courts", a person who accepted a check from him on such deposit in payment of the officer's private debt had implied notice that the funds did

not belong to the drawer of the check in his individual capacity and was bound to pay them over to the persons entitled.

Since the complaint in the present case avers that the County of Westmoreland, in receiving the payment from Anna Kate Stewart, *knew or should have known* through its officers that she was paying a shortage, not from her own funds nor from those of the C. C. Stewart Estate, but from funds belonging to the School District of Derry Township, defendant, by demurring, admitted the truth of that averment, which, for present purposes, must therefore be accepted as a fact. And if the county, in accepting the money, thus blinded its eyes to the fraud being perpetrated by the tax collector of the school district, plaintiff, under all the authorities, would be entitled to recover in this action for money had and received, since the county treasurer would have been under the same legal duty of rejecting a check which he knew or should have known constituted an attempt to pay an individual obligation with public moneys as any private person would have been under similar circumstances. What was known or should have been known to the county treasurer, particularly in view of the signature of Anna Kate Stewart to the checks as "Coll." or "Tax Coll.", must be submitted to a jury for determination; such submission is all that plaintiff is seeking on the present appeal.

The decree sustaining defendant's preliminary objections to the complaint, dismissing the complaint, and entering judgment in favor of defendant, is reversed, and the record is remanded with a procedendo.