## Markowitz Trust

*Richard B. Klein*, for petitioner.

*Arnold Levin* and *Henry I. Jacobson,* for respondents.

SHOYER, J., September 5, 1969.—By decree of Shoyer, J., dated October 24, 1968, Harry P. Begier, Jr., Esq., was appointed guardian ad litem for Ronald Markowitz, a minor, to represent the minor in proceedings to set aside a bond and mortgage executed by Marion Markowitz, trustee, encumbering premises 2611 Tremont Street, Philadelphia, owned by the trust estate of Marion Markowitz, settlor, in which Ronald Markowitz, the minor, is the sole beneficiary.

On October 25, 1968, pursuant to a petition filed by Harry P. Begier, Jr., guardian ad litem for Ronald Markowitz, a minor, a citation was directed to issue to Marion Markowitz, trustee of the estate of Marion Markowitz, settlor, Scott Consumer Discount Company, mortgagee, and Gerald Davis, agent for mortgagee, to show cause why the mortgage of premises 2611 Tremont Street, Philadelphia, to Scott Con-

sumer Discount Company should not be set aside, the conveyance thereof rescinded, and the lien of the mortgage on said premises stricken off.

The petition for the citation recited, inter alia, that Ronald Markowitz, a minor, who was born April 2, 1958, resides with his mother, Marion Markowitz, at 2611 Tremont Street, Philadelphia; that by irrevocable deed dated April 20, 1967, Marion Markowitz, settlor, accepted title to premises 2611 Tremont Street as trustee for her son, Ronald Markowitz, upon the following terms:

". . . to maintain the property, collect the income therefrom and pay the taxes or other charges which may become due from time to time and pay over the net income therefrom unto the above mentioned Ronald Markowitz, a Minor, during his minority and immediately upon the said Minor attaining the age of 21 years, title to the property shall immediately vest in the said Ronald Markowitz absolutely and in fee without the necessity of any formal transfer by the Trustee. During the continuance of the Trust, the Trustee shall have full power to sell or dispose of said premises or mortgage same for such amounts and in such conditions as she, in her sole discretion, may think best, and execute and deliver such instruments as may be necessary to vest a valid title in such purchaser or mortgagee without liability on the part of such purchaser or mortgagee to see to the application of the purchase price or mortgage money."

The petition avers that on or about August 1, 1968, Marion Markowitz met Gerald Davis, an automobile salesman and agent for Scott Consumer Discount Company, a finance company; that Gerald Davis represented to Marion Markowitz that he could obtain an automobile for her without a down payment, and if payments were not met, the car would be repossessed without further liability; that on or about August 19,

1968, a loan arrangement was executed at the office of Scott Consumer Discount Company in the presence of John A. Ottobre, a vice-president of Scott Consumer Discount Company, and in the presence of Gerald Davis, agent for Scott Consumer Discount Company. The petition further averred:

"8. Gerald Davis and John A. Ottobre fraudulently induced MARION MARKOWITZ to execute as trustee a document which was a bond and mortgage on premises 2611 Tremont Avenue, Philadelphia, Pennsylvania, and caused such bond and mortgage to be filed of record on August 22, 1968, in Book J.R.S., Vol. 107, page 37, in the Department of Records of Philadelphia County."

Further, that Gerald Davis and John A. Ottobre knowingly caused the bond and mortgage to be a lien against the trust property although the $1,813 was to be used for the purchase of an automobile for the personal account of Marion Markowitz; that Marion Markowitz refused to accept delivery of the automobile because it was of less value than the one she purchased.

Gerald Davis filed an answer to the petition. He therein admitted that on August 1, 1968, he began negotiating with Marion Markowitz to sell her an automobile, and that he was present at Scott Consumer Discount Company when a loan agreement was being executed, but he denied that he was an agent for Scott Consumer Discount Company and denied that he and John A. Ottobre fraudulently induced Marion Markowitz, as trustee, to execute a bond and mortgage on premises 2611 Tremont Street and caused such bond and mortgage to be recorded, and denied that the automobile delivered to Marion Markowitz was of less value than the one promised her.

Scott Consumer Discount Company filed an answer in which it denied that Gerald Davis was its

agent. It admitted that a loan was arranged at the office of Scott Consumer Discount Company in the presence of Gerald Davis and John A. Ottobre, a vice-president of Scott Consumer Discount Company, but Gerald Davis was never represented to be an agent of the Scott Consumer Discount Company; and it is denied by them that they fraudulently induced Marion Markowitz to execute the bond and mortgage; and they admit that Mr. Ottobre knew that Marion Markowitz was purchasing an automobile and that the bond and mortgage would be a lien on the trust assets; but they aver that the loan was made directly to Marion Markowitz, and Gerald Davis received no funds from the finance company.

Marion Markowitz, John A. Ottobre and Jerry Davis, also known as Gerald Davis, testified in support of their respective positions.

The uncontradicted evidence establishes, and I find as a fact, that premises 2611 Tremont Street, Philadelphia, was conveyed by Edward Markiewicz and Helen J. Markiewicz, h/w, to Marion Markowitz, trustee, in trust for Ronald Markowitz, a minor, for a recited consideration of $21,000, for the uses and purposes recited in the petition.

I find as a fact that Ronald Markowitz, a minor, resides with his mother, Marion Markowitz, on the premises 2611 Tremont Street, and the trust is an active trust.

The Orphans' Court Division has exclusive jurisdiction over the administration of inter vivos trusts: Section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended by the Act of December 22, 1965, P. L. 1192; 20 PS §2080.301(3). And, under section 301(12) of the Orphans' Court Act, supra, matters concerning title to trust real estate must also be brought before the Orphans' Court Division.

Section 304 of the Orphans' Court Act of August 10, 1951, supra, 20 PS §2080.304, provides that "The orphans' court shall have all legal and equitable

powers required for and incidental to the exercise of its jurisdiction."

The evidence clearly establishes that the trustee here mortgaged the trust property to obtain the loan for the express and only purpose of buying an automobile for her *personal* use. I so find. I further find that the conduct of the trustee in pledging the trust property for her personal benefit by executing bond and warrant and mortgage secured upon premises 2611 Tremont Street constitutes a serious and substantial breach of trust, which makes it necessary that she be removed from her office as trustee. An appropriate order will be entered accordingly, removing Marion Markowitz from office as trustee under the deed of trust.

The evidence convincingly establishes that Scott Consumer Discount Company, through its managing officer, Vice-President Ottobre, *unmistakably knew* that the loan which he was making to Mrs. Markowitz at Jerry Davis's solicitation was for her *personal use*, to buy an automobile for *her personal* use; not for any trust purpose. Mr. Ottobre testified: "The check was written out to Marion Markowitz as an individual, but the loan was made to Marion Markowitz, trustee." Later on the witness acknowledged to the court that he knew the purpose of the loan was to finance an automobile. Marion Markowitz testified: "Mr. Davis was discussing a loan in regards to a car, and Mr. Ottobre didn't even want any mention of that. He was going to have it listed as a personal loan to clear himself in case anything would happen. Those were his words."

It follows, therefore, that the finance company, through its executive officer, Mr. Ottobre, knew that Mrs. Markowitz' execution of the bond and warrant and of the mortgage constituted a breach of duty by the fiduciary. While the purchaser for value is not obliged to look if he doesn't know otherwise, he will not be permitted to assume the cloak of an innocent

purchaser if he *knows* of the fiduciary's infidelity.

In Columbia Casualty Company v. Westmoreland County, 365 Pa. 271 (1950), the court said: "Plaintiff's claim rests more securely, however, upon another basis, namely, the common law principle that if an agent or fiduciary transfers property of his principal or beneficiary to a third person in payment of the personal indebtedness of himself or another, the principal or beneficiary may recover the amount thus paid if the person receiving the payment accepted it with knowledge, or was put upon notice by appearances and circumstances, that the payer was thereby committing a breach of his duty as agent or fiduciary." (Citing, inter alia, Restatement, Trusts, §§296 and 297.) See also Zagrans v. Cohn, 404 Pa. 315 (1961).

Mr. Ottobre testified that his company financed on the average four loans a month which were brought in by Davis and upon which they paid Davis a three percent commission.

Mr. Davis testified that the automobile which he sold to Mrs. Markowitz on August 19, 1968, for $1,700 had been purchased by him for $1,250 just prior thereto, expressly for resale to her. He thus had a commission and a profit at stake.

The testimony establishes that Davis worked together with Ottobre in this transaction. On August 19, 1968, the only time Mrs. Markowitz visited the finance company office, she was driven there by Davis; the entire finance arrangement was completed in his presence; and he then and there had her endorse and deliver to him the finance company check for $1,813.95 which was drawn to her order, individually, before he drove her home. Davis was present when Mr. Ottobre said the loan was a "personal" loan, not secured by an automobile, and he was present when Ottobre told Mrs. Markowitz that she was mortgaging trust property for this loan. In view of the evidence submitted, I find as a fact that Jerry Davis

had actual knowledge of the breach of the trust.

The evidence conclusively establishes, and I find as a fact, that Ottobre, representing his company, and Davis conspired together to profit financially from a business transaction which they knew constituted a breach of trust by the trustee, Marion Markowitz.

In Hinds Estate, 183 Pa. 260 (1897), the court held that if loans and pledges were made with notice of breach of trust, the third party can be compelled to retransfer the bonds held as security.

In Zagrans v. Cohn, supra, the Supreme Court affirmed a decree holding the vendors of a taproom liable to a trust for the misuse by the trustee of funds of the trust estate for his purchase of property in his own name. The court observed that the chancellor determined that the vendors knew, or ought to have known, that the trustee was using trust funds in purchasing the taproom.

The Restatement, Trusts, 2d §288, provides: "Transferee with Notice.

"If the trustee in breach of trust transfers trust property to a person who takes with notice of the breach of trust, the transferee does not hold the property free of the trust, although he paid value for the transfer."

"Section 295. Choice of Remedies against Trustee and Transferee.

"If the trustee in breach of trust transfers trust property to a person who is not a bona fide purchaser, the beneficiary can have remedies for the breach of trust against the trustee and against the transferee, but he is entitled to only a single satisfaction of his claim."

Accordingly, the court now enters the following

DECREE

And now, September 5, 1969, in view of the foregoing, Marion Markowitz, trustee under deed dated April 20, 1967, of trust for the benefit of Ronald

Markowitz, a minor, is removed from office as trustee.

It is further ordered and decreed that Marion Markowitz deliver to her successor immediately upon such successor's appointment and qualification, all property, books, accounts, papers and moneys belonging to the said trust estate and that she file an account of her administration of the estate within 60 days hereof; and it is further ordered and decreed that Scott Consumer Discount Company, its successors and assigns, are hereby enjoined from assigning, transferring or conveying the mortgage dated August 19, 1968, between Marion Markowitz, singlewoman, in trust for Ronald Markowitz, a minor, mortgagor, and Scott Consumer Discount Company, as mortgagee, secured on premises 2611 Tremont Street for an obligation in the sum of $5,664, and recorded on August 22, 1968, in the Department of Records of the City of Philadelphia in Mortgage Book J.R.S., No. 107, page 037, and the said Scott Consumer Discount Company is ordered and directed to satisfy of record the aforesaid mortgage within 15 days from the date hereof; and Scott Consumer Discount Company, its successors and assigns are hereby enjoined from transferring, assigning or conveying the bond and warrant heretofore given by Marion Markowitz, trustee, in trust for Ronald Markowitz, obligor, to Scott Consumer Discount Company, in the sum of $5,664, which was filed of record in the office of the prothonotary of the Court of Common Pleas of Philadelphia on October 15, 1968, as of October term, 1968, no. 809; and Scott Consumer Discount Company is hereby ordered and directed to cause said judgment entered as aforesaid to be satisfied of record within 15 days from the date hereof.