## Mowry Estate

*Harry A. Bowytz* and *John A. Metz, Jr.,* for accountant.

*Henry E. Rea, Jr.,* for claimants.

RAHAUSER, *J.,* June 9, 1975—This case involves a claim asserted by the remaindermen under a testamentary trust created by Jacob H. S. Mowry, now deceased, against the estate of Sarah Ethel Mowry, deceased. The testamentary trust provided for the use of so much of the income and of the $20,000 principal as might be necessary for making a home for testator's daughter, Sarah Ethel Mowry, and providing her with all the necessities of life as

long as she lived. Testator appointed his other daughter, Bessie A. Mowry, as the trustee under said trust. A codicil to the will of Jacob H. S. Mowry provided, inter alia, that upon the death of Sarah Ethel Mowry, the trust fund should go to her then surviving children. If Sarah Ethel Mowry died leaving no issue, the trust fund was to be distributed as follows: one-half share to testator's son, Jacob W. Mowry, or his issue, per stirpes, and one-half to testator's daughter, Bessie A. Mowry, or her issue, per stirpes. Testator further provided that if his daughter, Bessie, was then deceased without leaving issue, her one-half share was to be paid to his son, Jacob W. Mowry, or his issue, per stirpes.

Sarah Ethel Mowry died without issue and Bessie A. Mowry died without issue. Jacob W. Mowry is also deceased; he was survived by two children, Marian T. Young and Walter E. Mowry. The parties have stipulated that the said two children of Jacob W. Mowry are the only persons entitled to the residuary corpus of the trust estate established under the will of Jacob H. S. Mowry.

Jacob H. S. Mowry died on August 25, 1954, and, in accordance with the terms of his will, $20,000 was distributed to his daughter, "Bessie A. Mowry, testamentary trustee for purpose specified in will legacy." $10,000 of the trust corpus was invested in a savings account certificate in the Reliable Savings and Loan Association on February 5, 1957, and the remaining $10,000 was invested in a savings account certificate in the Suburban Savings & Loan Association on February 8, 1957. These investments remained intact until the death of Bessie A. Mowry, the trustee, on April 22, 1964.

The said Bessie A. Mowry died intestate. Letters

of administration on her estate were granted to Jacob W. Mowry and Laura Marie Dryer.

Under an agreement dated September 21, 1965, Jacob W. Mowry and Laura Marie Dryer, administrators of the estate of Bessie A. Mowry, deceased, transferred the two aforesaid $10,000 savings account certificates to Sarah Ethel Mowry. By the terms of the said agreement, these two certificates, in the total amount of $20,000, became the absolute property of Sarah Ethel Mowry.

On January 8, 1966, Sarah Ethel Mowry transferred the $10,000 certificate in Reliable Savings and Loan Association into the names of Sarah Ethel Mowry or Laura Marie Dryer. On November 14, 1969, Sarah Ethel Mowry transferred the $10,000 certificate in Suburban Savings and Loan Association into the names of Sarah Ethel Mowry or Laura Marie Dryer. These certificates remained in the said two names until the death of Sarah Ethel Mowry on March 24, 1974.

Sarah Ethel Mowry made her home with Laura Marie Dryer, her niece, from April 1965 until her death on March 24, 1974. These parties had entered into written agreements providing for the care and maintenance of Sarah Ethel Mowry by Laura Marie Dryer and for the compensation to be paid for such maintenance.

After the death of Sarah Ethel Mowry, Laura Marie Dryer had the $10,000 certificate in the Reliable Savings and Loan Association converted into two $5,000 certificates. One of these certificates was issued in the names of Laura Marie Dryer or Elva Mae MacKenzie and the other was issued in the names of Laura Marie Dryer or Robert John Dryer. Likewise, Laura Marie Dryer transferred the $10,000 certificate in the Suburban Savings and

Loan Association into the names of Laura Marie Dryer or Robert John Dryer or Elva Mae MacKenzie. All of these certificates remain in the forms above set forth at this time.

Marian T. Young and Walter E. Mowry, children of Jacob W. Mowry, deceased, the remaindermen under the testamentary trust created by Jacob H. S. Mowry, now maintain that the $20,000 funds in said trust were unlawfully delivered to Sarah Ethel Mowry and that her estate is now liable to them in that amount. Their counsel has cited numerous Pennsylvania cases indicating that where a fiduciary wrongfully transfers trust property to a third person who has notice of the trust, such third person holds the property on a constructive trust for the beneficiary of the original trust and must account to the beneficiary for the property so received. Noonan Est., 361 Pa. 26, 63 A. 2d 80 (1949), and Columbia Casualty Company v. Westmoreland County, 365 Pa. 271, 74 A. 2d 86 (1950), cited by counsel for the claimants, are examples of such cases. Other cases cited by the claimants involve claims against persons who had the trust property in their possession at the time the claim was asserted, or claims against trustees who had improperly parted with trust assets. The cases cited by claimants do not involve a situation where a claim is asserted against a third party who has parted with the trust funds prior to any demand for such funds by the persons legally entitled to the trust funds.

In the present case, Exhibit I (the Agreement of September 21, 1965, between the administrators of the estate of Bessie A. Mowry, deceased and Sarah Ethel Mowry) indicates that Sarah Ethel Mowry claimed the trust funds theretofore held by Bessie

A. Mowry, trustee, as her absolute property. Her claim to such funds was recognized, incorrectly, by the administrators of the estate of Bessie A. Mowry, and they turned the trust funds over to Sarah Ethel Mowry. There is nothing in this record to indicate that Sarah E. Mowry knew that she was not entitled to receive the funds theretofore held in the trust as her own absolute property. She received the trust funds without consideration; her status was equivalent to that of a donee without notice of the trust imposed on the funds transferred to her. Her subsequent conversion of the savings account certificates in which the funds were invested into new certificates in the names of herself or her niece, Laura Marie Dryer, was consistent with her claim to the funds as her individual property. There is nothing in this record to show that this change in the title to the certificates involved any payment to Sarah Ethel Mowry by Laura Marie Dryer; on its face the transaction appears to be gratuitous. When Sarah Ethel Mowry died, the certificates became the sole property of the surviving owner under the facts as they then appeared. These certificates were not a part of the probate assets in the estate of Sarah Ethel Mowry, deceased, nor was her estate in any way increased by her receipt of the funds at one time held by Bessie A. Mowry as trustee. On the contrary, after the death of Sarah Ethel Mowry, the $20,000 formerly held by the said trustee was invested in certificates nominally owned by Laura Marie Dryer, the surviving nominal owner of the certificates. Subsequently, Laura Marie Dryer caused new certificates to be issued in place of those formerly owned by her and Sarah Ethel Mowry, as hereinbefore set forth. The nominal owners of the new certificates are Laura Marie

Dryer, Elva Mae MacKenzie and Robert John Dryer.

In this fact situation, the auditing judge is of the opinion that the estate of Sarah Ethel Mowry is not liable in any amount to the claimants, Marian T. Young and Walter E. Mowry, the persons now entitled to the funds in the testamentary trust created by Jacob H. S. Mowry. The law applicable to this situation, as construed by the auditing judge, is well set forth in the Restatement, 2d, Trusts, section 292:

"Extent of Liability of Donee

"(1) If the trustee in breach of trust transfers trust property and no value is paid for the transfer, the transferee can be compelled to restore the property to the trust if he has not disposed of it and has not so changed his position that it would be inequitable to compel him to restore it.

"(2) If the transferee disposes of the property before he receives notice of the breach of trust, he is liable to the extent and only to the extent that at the time when he receives such notice he is enriched at the expense of the trust estate."

In the comment on said section, paragraph i reads as follows:

"i. Gift by donee before notice. If the transferee gives away the property before he has notice of the trust, he is under no further liability, since he has not profited from the breach of trust. The person to whom the property is thus given, however, is of course under a liability to restore it to the trust, since he has not given value and since he has received it from one who likewise gave no value."

The auditing judge finds as a fact that neither Sarah Ethel Mowry, during her lifetime, nor her

estate after her death, was enriched at the expense of the trust estate. Accordingly, the claims of Marian T. Young and Walter E. Mowry against the estate of Sarah Ethel Mowry, deceased, are dismissed.

A decree of distribution will be entered in accordance with this opinion.