WIEAND, Judge,
dissenting.
This is an action to recover township moneys misappropriated by a township employee to pay a personal debt. The plaintiff is the corporate bonding company which paid the township for the losses caused by the unfaithful employee. The defendant is the creditor which accepted a township cheek in payment of the employee’s personal debt. The trial court dismissed the complaint, holding that the action was barred by the two year statute of limitations applicable to actions for the conversion of property. A majority of this Court agrees. Because I am unable to accept this analysis, I must dissent. The plaintiff-appellant’s cause of action is based on a contract implied in law, i.e., for money had and received, and the applicable statute of limitations is four years.
According to the averments of the complaint, Michael Yaconis, the tax collector for the Township of Deer, issued a township check in the amount of $17,506.77 and delivered it to Ford Motor Credit Corporation in payment of a personal debt. American Insurance Company, a corporate surety, paid the township for the loss which had been caused by the tax collector’s peculation and then brought an action against Ford Motor Credit Company to recover the moneys wrongfully paid to and accepted by Yaconis’s creditor. Because the check, on its face, was a township check, the complaint averred, the creditor knew or should have known that the Yaconis debt was being paid with municipal funds. On motion for summary judgment by the defendant, the trial court dismissed the action, holding that it was untimely under the two year statute of limitations contained in 42 Pa.C.S. § 5524(3).
This section of the statute establishes a two year period within which to commence an “action for taking, detaining or injuring personal property, including actions for specific recovery thereof.” 42 Pa.C.S.A. § 5524(3). The limitation is intended to apply to actions for the conversion of personal property and/or for damage to personal property. Conversion is a tort whereby the defendant interferes with the plaintiffs use or *579 possession of property without the plaintiffs consent and without justification. See: Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 451, 197 A.2d 721, 726 (1964); Bank of Landisburg v. Burruss, 362 Pa.Super. 317, 321, 524 A.2d 896, 898 (1987), allocatur denied, 516 Pa. 625, 532 A.2d 436 (1987).
The instant action, however, is an action for money had and received. “Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof.” First Nat’l Bank of Monongahela City v. Carroll Township, 150 Pa.Super. 241, 246, 27 A.2d 527, 530 (1942), quoting McAvoy & McMichael, Ltd. v. Commonwealth Title Ins. & Trust Co., 27 Pa.Super. 271, 276-277 (1905). See also: Brubaker v. Berks County, 381 Pa. 157, 112 A.2d 620 (1955); New Holland Turnpike Road Co. v. Farmers’ Mut. Ins. Co., 144 Pa. 541, 22 A. 923 (1891); Solomon v. Gibson, 419 Pa.Super. 284, 615 A.2d 367 (1992); 58 C.J.S. Money Received, § 1. A cause of action for money had and received exists where money is wrongfully diverted from its proper use and falls into the hands of a third person who, in equity and good conscience, has an inferior right thereto. In such cases, the law implies a promise to pay the same to the person entitled thereto. 3 P.L.E. Assumpsit, § 10. An action for money had and received, therefore, is in assump-sit and is based upon a contract implied at law. Cf. Hughey v. Robert Beech Assoc., 250 Pa.Super. 6, 10, 378 A.2d 425, 427 (1977); 42 C.J.S. Implied Contracts, § 11; 58 C.J.S. Money Received, § 1.
Public moneys which have been paid in violation of the law may be recovered in an action for money had and received. 58 C.J.S. Money Received, § 21. In Columbia Casualty Co. v. Westmoreland County, 365 Pa. 271, 74 A.2d 86 (1950), the Pennsylvania Supreme Court addressed a fact situation similar to that in the present action. There, the county tax collector had used public funds to pay a personal obligation owed to the defendant. In an action to recover those funds, the plaintiff alleged that the tax collector had converted public money and that the defendant knew or should have known that the payment to him was improper. If these facts were proven, the Court held, the plaintiff would be entitled to recover in an action for money had and received. Id. at 275, 74 A.2d at 88.
Because an action for money had and received is based on a contract implied in law, I would hold that the statute of limitations for such an action is four (4) years. See: 42 Pa.C.S. § 5525(4). An action of the type here being reviewed is more akin to an action in assumpsit than to an action for the wrongful taking or detention of personal property. Appellee is not a converter of personal property but a third person who has received funds which, in equity and good conscience, should be paid to another. Its obligation to repay the same is based on a contract implied by law.
Any other interpretation would have unfortunate consequences. An action upon an official bond of a public official, officer or employee may be brought within four years. 42 Pa.C.S. § 5525(5). If, as the majority holds, the surety on such an official bond must file an action to recover moneys wrongfully paid to a third person within two (2) years of the conversion, the bonding company will in many cases, if not most, be precluded from bringing any action to recover the moneys from such third person. In the instant ease, the tax collector wrote a check for $17,506.77 to Ford Motor Credit Company on December 30, 1989; a proof of loss was filed by the township on April 20, 1992; and the claim was paid by American Insurance Company on May 19,1992. The present action against Ford Motor Credit Company was filed a year later, on May 19,1993. Under the majority’s application of the statute of limitations, however, American Insurance Company’s claim for moneys had and received against Ford Motor Credit Company was barred even before the township made any claim on the tax collector’s official bond.
Because I do not believe the legislature intended such an absurd and unfair result, I am unable to agree with the majority’s analysis. Therefore, I must respectfully dissent. Appellant’s action for moneys had and received, in my best judgment, was timely filed.
*580 I would reverse the order of the trial court and remand for further proceedings.