Witherow, Receiver, *v.* Weaver et ux., Appellants.

Argued January 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*Albert J. Williams,* for appellants.

*William K. Rhodes,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1940:

This suit arises out of the issuance by the receiver of the First National Bank of Darby of a writ of scire facias to revive a judgment, held by that bank at the time it went into liquidation, against H. Walter Weaver and Charlotte R. Weaver, his wife, which judgment admittedly had then been reduced to the sum of $912.90.

In the affidavit of defense and amended affidavit of defense filed by Weaver and his wife to the writ, a set-off of $913.56, by way of new matter, was claimed, since that amount was on deposit in the name of "H. Walter Weaver, Collector" at the time the bank was first placed under the control of a conservator, on March 25, 1933. The receiver filed a motion for judgment for want of a sufficient affidavit of defense, and, after argument thereon, it was dismissed by the Court of Common Pleas. The receiver thereafter appealed to the Superior Court,

and from the order of that court reversing the lower court, this appeal was allowed to Weaver and his wife.

From the well pleaded facts relating to the set-off, it appears that the balance in question represented moneys collected by Weaver as the collector of county, township, and school taxes in the township of Darby, Delaware County; and that on receipt of the tax duplicates from each taxing unit, he became personally responsible by law for all taxes levied and assessed in the duplicates and was required to furnish bonds with surety so conditioned.*  It is further averred that since the insolvency of the bank, he has fulfilled his legal obligation to each taxing unit and has paid to them the equivalent of the sum on deposit when the bank closed.

Since two or more persons sued jointly may set off a debt by the plaintiff to any one of them (*Miller v. Bomberger*, 76 Pa. 78, 81), the sole question for our decision is whether or not a tax collector, upon the insolvency of a bank, may set off a bank account standing in his name as "Collector" and representing the collections of various taxing units, against a debt due the bank by the depositor individually.

---

*In this state, the officer thereby, by virtue of his office, is an insurer of the public funds thus entrusted to his care, and may not relieve himself or his surety from this obligation by showing an absence of negligence on his own part or that the bank in which he had deposited the funds had failed: *Com. v. Comly*, 3 Pa. 372; *Nason v. Directors of the Poor*, 126 Pa. 445; *Com. v. Baily*, 129 Pa. 480. Two months after the appointment of the conservator, however, the law in this respect, concerning those who would thereafter occupy a position similar to Weaver's in the capacity of tax collector in townships of the first class, was changed by statute; and such officers were enabled thereby to protect themselves from being insurers against bank failures by complying with the legislative requirements as to the selection of depositories of township funds: section 1, subsection 808, of the Act of May 31, 1933, P. L. 1096. The present obligation resting upon tax collectors in townships of the first class is to be found in the Acts of July 18, 1935, P. L. 1171 and 1172.

We are all of the firm conviction that the set-off should not be allowed. By using the word "Collector", Weaver expressly stamped the funds, not as his own, but as belonging in equity to some third person. Our law abounds with instances where words of similar fiduciary import created a presumption that the funds were not personal deposits, but were trust funds. Most recently, upon a careful analysis of all the earlier cases, we have accorded such effect to the words "clerk of courts" (*Erie County v. Lamberton,* 297 Pa. 406), "sheriff" (*Trestrail v. Johnson,* 298 Pa. 388), and "Agency Account" (*Franklin Trust Company of Philadelphia,* 319 Pa. 367). In the Trestrail case, we said (p. 396): "Where the ownership of the fund is in contest, the designation 'sheriff' would presumptively entitle it to be known as a trust account. Such presumption may be rebutted: Stair v. York National Bank, supra, [55 Pa. 364]; Gaffney's Est., 146 Pa. 49; but the burden is on one claiming otherwise." It is true that the bank would have to honor checks signed by Weaver as "Collector" (*First National Bank of Lock Haven v. Mason,* 95 Pa. 113), and could not safely pay that account to a third person (*Patterson v. Marine N. Bank,* 130 Pa. 419). This is because in the absence of knowledge on the bank's part to the contrary, it is bound to presume that the trustee will apply the funds so drawn to their proper purposes: *National Bank v. Insurance Company,* 104 U. S. 54, 64. But for the trustee to offset them against his own individual debt to the bank is to do more than to collect the funds from the bank, and is forbidden by our law. For example, where the bank has knowledge of facts, so that it knows that the trustee intends to use the funds for his own purposes, and that for it to honor a check drawn by him will be to aid a breach of trust, the bank will be liable for the amount of any checks thus honored: *Pennsylvania Co. for Insurances on Lives, etc. v. Ninth Bank & Trust Co.,* 306 Pa. 148, 153. Likewise, a bank with knowledge that a deposit is held for

the benefit of a third party cannot appropriate such moneys to the payment of an individual debt of the depositor: *The First National Bank of Bethlehem v. Peisert,* 2 Penny. 277; *Franklin Trust Company of Philadelphia,* supra. The bank having no right to apply the trust moneys to its claim against Weaver, the application is none the less improper because Weaver desires that it be made. The real owners could hold the receiver liable for the misappropriation: see *Dickens v. Howard,* 67 F. (2d) 263, 264. It is clear beyond cavil that Weaver may not set off a deposit of trust funds in reduction of his own personal obligation to the bank: *Hunter v. Henning,* 259 Pa. 347; *Mullins v. Breeding,* 167 Va. 25.

Defendant's allegations in the new matter as to the true nature of the account, far from rebutting the presumption arising from the use of the word "Collector" that the funds were trust monies, operate rather to prove that presumption. Instead of demonstrating that the deposit belonged to Weaver in his own right at the time the bank became insolvent, the averments show that upon that date, the fund represented tax collections, set apart by Weaver from his own moneys in trust for the taxing units concerned. It is immaterial that as custodian of the collections, Weaver in effect contracted to insure their safe-keeping and could deposit them wherever he chose. These factors do not have the effect of vitiating his fiduciary obligations with respect to the fund. What was said in this regard in *Trestrail v. Johnson,* supra, 395, was not an ill-considered dictum, but was the enunciation of a principle which is firmly embedded in our law.

To mention but a few illustrations: Despite the existence of the same personal accountability, the interest paid by the bank on a fund thus deposited has been held not to belong to the officer, but to the beneficiary: *County of Lackawanna v. Duffy,* 248 Pa. 575; *Potter County v. Page,* 53 Pa. Superior Ct. 268. Similarly,

it has been pointed out that such deposits may not be attached for the private debts of the officer; that upon death they go to his successor, not to his administrator; and that should the officer become insolvent, the hand of the law would be laid on the money in such account as trust funds: *Trestrail v. Johnson,* supra, 395, 399; *Potter County v. Page,* supra, 274. Where such an officer diverts the funds received by virtue of his office in the satisfaction of a personal debt, equity considers them to be trust funds, and at the instigation of those interested will follow and reclaim them from the hands of an assignee with notice: *Reed's Appeal,* 34 Pa. 207. In *Gordon, Secretary of Banking, v. Dime Bank Title & Trust Co.,* 315 Pa. 305, where the contest involved the ownership of the moneys in an account ear-marked as belonging to the Commonwealth by the heading "Agent, Transfer Inheritance Tax", this court declared (p. 308): "Although Yetter, as register of wills, was the actual depositor, the fund was none the less the money of the Commonwealth, and the fact that Yetter gave bond conditioned upon payment of all tax moneys coming into his hands, does not relieve the bank of its obligation to deliver the fund to the State upon proper demand . . ."

It is equally irrelevant that Weaver has now settled in full with the taxing units: *Mullins v. Breeding,* supra. A realization of the superior equities of the other general depositors has led to the rule that the right to set off is governed by the state of things existing at the moment of insolvency, not by conditions thereafter arising, nor by any subsequent action taken by any party to the transaction: *Franklin Trust Company of Philadelphia,* supra, 370; *Harr v. Bankers Securities Corporation,* 129 Pa. Superior Ct. 547, 551; *Kardon v. Willing,* 102 F. (2d) 957, 958, (certiorari denied 306 U. S. 657).

The order of the Superior Court is affirmed; costs to be paid by appellants.