Witherow, Receiver, Appellant, *v.* Bond.

Argued January 10, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*William K. Rhodes,* for appellant.

*E. Wallace Chadwick,* of *Chadwick, Weeks, Curran & Ives,* with him *Frank I. Ginsburg,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1940:

In this assumpsit action, instituted by the receiver of the First National Bank of Darby against V. Ervin Bond, we are only here concerned with that particular item involving the liability of the latter on a note in the principal sum of $2,465. To this claim Bond filed an affidavit of defense, admitting his obligation on the note, but, by way of new matter, asserted a set-off of the moneys in the bank when it closed, in an account standing in his name as "Collector," in the amount of $6,166.96; and in an amended affidavit of defense filed, Bond still claimed the set-off, but did not state the manner in which the account was designated. To the new matter plaintiff filed a reply, alleging in defense to the set-off that the deposit in question was entitled "V. Ervin Bond, Collector," and consisted entirely of moneys received by him in his capacity as collector of taxes for the Township of Upper Darby. At the conclusion of the trial, the learned court below directed a verdict in favor of Bond, and after argument, the motions of the receiver for a new trial and for judgment n. o. v. were dismissed. Hence this appeal.

There was much conflict in the testimony as to whether the deposit was styled "Collector" or "Special," and as to whether upon the date of insolvency the funds therein belonged to Bond in his own individual right or were held by him in a fiduciary capacity. With such

a record before him, it is clear, from what we say in *Witherow, Receiver, v. Weaver*, 337 Pa. 488, that in directing a verdict for defendant, the trial judge misconceived the true state of the law, and that a new trial must be awarded.

Upon retrial of this cause, the jury should be instructed that if they find that the deposit represented trust moneys upon the date of the bank's insolvency, and that the bank was so informed, then the set-off cannot be allowed. In reaching their conclusion, they should bear in mind that if the deposit was in fact labelled "Collector," then the presumption arises that the balance in question was composed of trust funds, and the burden of showing to the contrary rests upon Bond. This burden is not satisfied by proof that the account represented tax collections for which Bond was personally responsible, unless accompanied by a showing that he had accounted in full prior to the date of insolvency: *Witherow, Receiver, v. Weaver*, supra. However, should the jury determine that the account was marked "Special," that word, without more, may or may not possess a fiduciary implication, and the burden of showing that the deposit was actually set aside for the township, or some other beneficiary, rests upon the receiver: see *Franklin Savings & Trust Co. v. Clark*, 283 Pa. 212, 218, 219.

It remains to be said that the doctrine of estoppel plays no proper part in this case. The receiver, with his superior knowledge, was not justified in relying on the statement in the proof of claim to the effect that Bond knew of no set-off; and the mere receipt by the latter of the voluntarily paid twenty-five per cent dividend upon the full amount of the deposit did not prejudice his right to assert the set-off in the present action.

Decree reversed; and a venire facias de novo awarded.