Sherts, Exrx., *v.* Fulton National Bank of
Lancaster, Appellant.

Argued May 27, 1941. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

George T. Hambright, with him John E. Malone, for appellant.

F. Lyman Windolph, of Windolph & Mueller, with him Wm. B. Arnold, for appellee.

OPINION BY MR. JUSTICE STERN, June 30, 1941:

H. Edgar Sherts was a member of the bar of Lancaster County. In 1929 he opened a checking account at defendant bank in his individual name, his first deposit being the proceeds of a note given by him to the bank for a loan. During the course of years numerous deposits and withdrawals were made in and from the account. In 1934 the word "Attorney" was added to his name in his pass book and on the ledger sheets of the bank; thereafter all checks were signed by him as "H. Edgar Sherts, Attorney," and only collections made by him for clients were placed in the account. On October 28, 1938, there was on deposit in the account the sum of $2,499.11, all of which was money belonging to persons whom he represented. During the month of October, 1938, he also maintained a checking account in the bank under the designation "H. Edgar Sherts, Farm Account," and on October 28, 1938, there was on deposit in this account the sum of $191.90, consisting of funds received and held by him for a decedent's estate. On October 28, 1938, defendant applied the balances in both accounts toward the payment of an overdue note of $5,300 owed by Sherts personally to the bank, and thereafter refused to pay, upon presentation to it, any checks drawn by him on the "Attorney" and "Farm" accounts. Sherts died December 21, 1938. In July, 1939, Anna G. Sherts, the executrix of his estate, brought the present suit in assumpsit against the bank on behalf of the clients of Sherts who were the owners

of the funds in the "Attorney" account, and the estate which was the owner of the funds in the "Farm" account. The case was tried, under agreement of the parties, by the court without a jury. Judgment was rendered for plaintiff.

Did the bank have the right to appropriate the funds belonging to Sherts' clients in payment of the debt owed to it by Sherts individually? That is the question involved in this case.

All the authorities agree that if a bank has knowledge, or notice of facts enough to put it upon inquiry, that the funds in a depositor's account actually belong to a third person, it may not apply such funds to a debt owed to it by the depositor individually. This principle is sufficient in itself to require the affirmance of the judgment of the court below as far as the "Attorney" account is concerned. Defendant contends that the word "Attorney" served only as descriptio personæ, and not to indicate that the account was held by Sherts as an agent or trustee for others, but it is not current usage for a depositor to add to his name in opening an account in a bank, and on the checks which he signs, a designation of the business or profession in which he is engaged, merely for the purpose of further identifying himself, however much the custom of employing such a description in deeds, wills, and other legal documents may have prevailed in earlier days. The word "attorney" signifies an agent, that is, one acting on behalf of another, and, whether it be intended as an abbreviation of attorney-in-fact or attorney-at-law, it clearly raises a presumption, when used in connection with a bank account, that the funds therein belong to some undisclosed principal, clients, or beneficiaries. It is probably a regular practice for lawyers to maintain a bank account as "attorney" in which the funds of clients are deposited pending remittance to them of the amounts due after the deduction of fees. The effect of notice of agency has been accorded to such desig-

nations as "clerk of the courts" *(Erie County v. Lamberton,* 297 Pa. 406, 147 A. 86), "sheriff" *(Trestrail v. Johnson,* 298 Pa. 388, 148 A. 493), "agency account" *(Franklin Trust Company of Philadelphia,* 319 Pa. 367, 179 A. 592), and "collector" *(Witherow v. Weaver,* 337 Pa. 488, 12 A. 2d 92; *Witherow v. Bond,* 337 Pa. 494, 12 A. 2d 95). It is sufficient that the bank have knowledge that a fiduciary relation exists; it is not necessary that it know the identity of the beneficiaries: *Gordon, Secretary of Banking, v. Union Trust Company,* 308 Pa. 493, 162 A. 293; *Franklin Trust Company of Philadelphia,* 319 Pa. 367, 373, 179 A. 592, 594. In the present case plaintiff does not need to rely merely upon a *presumption* of ownership by others since defendant expressly admitted in the record that the funds did in fact belong to Sherts' clients.

When we pass to a consideration of the "Farm Account" a different problem arises, for it cannot be said that that designation afforded notice to the bank, as did the word "Attorney" in the other account, that the funds deposited therein belonged to someone other than the depositor. This item requires therefore a determination of the broader question whether a bank is precluded from applying funds in a depositor's account to a debt owed to it by the depositor if the funds therein belong to a third person, even though the bank has no knowledge, and has not been put on notice, of that fact. It must be conceded that the decisions upon this subject are not harmonious, but, without attempting to analyze the arguments upon which the different viewpoints are based, it is sufficient to say that in *Franklin Trust Company of Philadelphia,* 319 Pa. 367, 179 A. 592, our State ranged itself definitely with those jurisdictions which have adopted the so-called "equitable rule." That rule holds that a bank, even though without knowledge or notice of facts putting it upon inquiry that another than the depositor has an interest in the funds deposited in his name, cannot appropriate such funds to

the depositor's indebtedness to the bank, at least where there has not been any change in the bank's position in reliance on the apparent ownership of the funds so as to raise superior equities in its favor (as to which there is no evidence in the present record). In the *Franklin Trust Company of Philadelphia* case the rule was applied in connection not only with a deposit labelled "Agency Account" but also with one designated "Insurance Account." The court said (pp. 370, 371): "As a general rule, a bank may set off the deposit account of a particular creditor against the debt due it by that creditor, but may a bank set off a sum represented by a depositor's account in his name as 'Agent' or an 'Insurance Account' when the money represented therein is the property of other persons? In other words, may a bank take money affirmatively proved to be that of other persons to pay a debt due it by a depositor? If so, it can do more than an attaching creditor of the depositor could do: *Bank of Northern Liberties v. Jones & Cole,* 42 Pa. 536; Ibid., 44 Pa. 253. Under the admitted facts of this case, of course this cannot be done. The case turns on the question of mutuality in quality of right with respect to a set-off. . . . The court below, in justifying its conclusion that the bank had a right to use the funds on deposit in these accounts as a set-off, depended largely on the fact that the bank did not know of the nature and character of these accounts, and that it therefore had the right to use them in payment of the note which it held against this company. There is, however, no contention that the bank was actually misled, or that the owners of the fund were guilty of misleading conduct with respect to the form of the deposit. While the right of set-off was fixed as of the date of receivership, there had been no appropriation of the moneys represented by these accounts. Nor would such act destroy the property right in third parties to the fund, or the right to assert it."

· If, as was held in *Jones v. Bank of the Northern Liberties*, 44 Pa. 253, a creditor of a depositor cannot attach in execution the funds in the depositor's account if they belong to third persons for whom the depositor is an agent, it ought to follow that the bank itself cannot attach such funds for a debt due it by the depositor, and if it cannot take the funds in execution it cannot accomplish the same result through the medium of set-off or by a bookkeeping appropriation of the deposits in payment of the depositor's debt.

Judgment affirmed.