Middle Atlantic Credit Corporation, Appellant,
v. First Pennsylvania Banking and
Trust Company.

Argued September 13, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Louis J. DiGiacomo*, with him *Zoob, Cohan & Matz*, for appellant.

*Joseph Neff Ewing, Jr.*, with him *William T. Windsor, Jr.*, and *Saul, Ewing, Remick & Saul*, for appellee.

OPINION BY FLOOD, J., November 15, 1962:

This is an appeal from the refusal of the court below to grant plaintiff's motion for judgment on the pleadings. The following are the undisputed facts under the pleadings:

On August 18, 1959, the plaintiff entered into a security agreement with M. Zucker Co., with respect to accounts receivable of Zucker purchased by the plaintiff. The agreement provided that Zucker was to receive the proceeds of the accounts in trust for the plaintiff and deliver them to plaintiff in their original form. This security interest was duly perfected by the plaintiff by filing financing statements in Philadelphia and Harrisburg. On January 4, 1961, pursuant to the security agreement, Zucker assigned to plaintiff the sum of $9111 from the proceeds of a Marple-Newtown Joint School Authority contract. On February 16, 1961, Zucker received a check from the school authority in the amount of $3798.45 as part payment and deposited it in its account in the defendant bank. On February 20, 1961, Zucker filed a petition for arrangement under Chapter XI of the Federal Bankruptcy Act. On February 21, 1961, the defendant bank appropriated the sum of $3170.49, remaining in the Zucker account out of the $3798.45 deposit, against an outstanding loan in the sum of $50,000 made by the bank to Zucker on July 28, 1960.

Prior to the Uniform Commercial Code, the bank would have had no right to set-off the proceeds of this check, belonging to the plaintiff, against a debt due it

by Zucker, who improperly deposited the check in his account instead of turning it over to the plaintiff. The rule that a bank could not set-off funds of a third party in a debtor's account, theretofore enunciated only in cases where the bank had notice that the funds belonged or might belong to a third party, was held to apply also to funds of a third party in the debtor's account even in the absence of notice that they belonged to someone other than the debtor in *Sherts v. Fulton National Bank,* 342 Pa. 337, 21 A. 2d 18 (1941). This is the situation here. Under the rule in the *Sherts* case the bank would have no right of set-off and no valid answer to the plaintiff's motion for judgment against it for the amount of the deposit.

The defendant argues that the rule in the *Sherts* case has been changed by Section 9-306(4)(d)(i) of the Uniform Commercial Code, as amended by the Act of October 2, 1959, P. L. 1023, §9, 12A PS 9-306(4)-(d)(i). Section 9-306, as amended, provides, in subsections (2) and (3) that a perfected security interest continues in any identifiable proceeds of the collateral "including collections received by the debtor". Section 9-306 provides that, in the event of insolvency proceedings, a secured party with a perfected security interest in proceeds has a perfected security interest

"(d) in all cash and bank accounts of the debtor, if other[1] cash proceeds have been commingled or deposited in a bank account, but the perfected security interest under this paragraph (d) is

"(i) subject to any right of set-off. . . ."[2]

Here the check received by Zucker from Marple-Newtown Joint School authority, was proceeds of the collateral in which the plaintiff's perfected security

[1] I.e., not commingled or deposited: Section 9-306(4)(b) and (c).

[2] The further limitation in 4(d)(ii) is not applicable here.

interest continued under §9-306(2) and (3). This check was deposited in Zucker's account in the defendant bank. The sum which the bank has attempted to appropriate was the amount remaining in the account from the proceeds of that check. Under these circumstances the plaintiff's security interest continued under §9-306(d), in the $3170.49 in the deposit account when the bank purported to appropriate it by way of set-off against Zucker's debt to the bank. It is clear that the bank had no right to do this under the *Sherts* case, supra.

The defendant claims that the set-off is authorized by subsection (i) of §9-306(4)(d), which it contends, renders the perfected security interest in money deposited in the debtor's bank account "subject to any right of set-off". It seems obvious that this can only mean subject to any right of set-off which the bank may have had under the existing law when the Amendment of 1959 became effective. Since it had no right of set-off at that time under the *Sherts* case, the act gave it none. If a new right of set-off was intended in such a carefully prepared amendment, it would have been spelled out clearly and not suggested in language which merely indicates an intention to preserve existing legal rights and remedies.

The bank does not contend that the 1959 Amendment of §9-306 of the code creates a new right of set-off in the bank but argues that the code comprehensively regulates the extent of the factor's interest in the proceeds of the accounts receivable and in the case of the debtor's insolvency subordinates those rights to a bank's right of set-off against the debtor's account. However, as we have seen, the bank has no right of set-off as to funds in the account equitably belonging to another unless the code gives it. If the code gives it, it is a new right of set-off, which the appellee agrees the code does not create.

The appellee professes to see a change in this regard effected by the 1959 Amendment which provides that the factor's interest in proceeds of the accounts receivable deposited in a bank account is "subject to any right of set-off". The code, as originally adopted, gave a perfected security holder a right to the bank accounts of the debtor equal to the amount of cash proceeds received by the debtor within ten days prior to insolvency proceedings and not paid over to the security holder, and then provided: "Nothing in this sub-section shall affect any right of set-off which might otherwise exist". We cannot see the difference. Both the old and the new section use the phrase "any right of set-off". The deletion of the words "which might otherwise exist" in the amendment makes no change which we can detect.

If it were intended to give a new right of set-off, it would be expected that there would be some indication in the amended act as to how broad that right would be. There is none. To extend it to the case of any perfected security interest under the code would allow set-off even where the account clearly indicated that it included trust funds. We cannot read such an intention to change existing law into these words which seem apt only to preserve the legal status quo. Both the original and the amended code preserve rights of set-off under existing law and nothing more.

The appellee further points to the fact that the code gives rights to the holder of a perfected security interest in the debtor's bank accounts even without the tracing of funds and argues that the proviso should consequently be construed to subject the security interest to the bank's right of set-off. This conclusion does not follow his premise. We need not decide whether or not any new right of the security holder, created by the code, might be held subject to a right of set-off under the language of §9-306. Certainly, where the factor's

funds are clearly traced into the account of the depositor, as here, and the security holder would have been entitled to recover the funds prior to the code without any right of set-off in the bank, the code creates no new right of set-off.

The order of the court below is reversed and the record is remanded with directions to grant the plaintiff's motion for judgment on the pleadings.