### In re WILLIAM H. VAUGHAN & CO., INC., Debtor.

### Bankruptcy No. 84–00156G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 30, 1985.

---

Albert A. Ciardi, Philadelphia, Pa., and Anthony W. Novasitis, Jr., Philadelphia, Pa., for debtor, William H. Vaughan & Co., Inc.

Myron Bloom, Barry D. Kelban, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for Indus. Valley Bank.

Lonny Cades, Huntingdon Valley, Pa., and Rochelle Newman, Philadelphia, Pa., for Ennia Ins. Co.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for trustee, Fred Zimmerman.

Fred Zimmerman, Pennsauken, N.J., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question under examination is whether funds in a bank account opened by the debtor are property of the estate notwithstanding a creditor's allegations that the opening of the account effected the creation of a trust for the creditor's benefit. For the reasons expressed below, we conclude that the funds are property of the estate.

The facts of this controversy are as follows:[1] At all times pertinent to this proceeding the debtor sold insurance for several different companies, among which was Ennia Insurance Co. ("Ennia"). Under its contract with Ennia the debtor sold Ennia's insurance policies, collected premiums and disbursed funds in satisfaction of claims. As the debtor's financial condition deteriorated, several of the claim checks it issued were returned due to insufficient funds in its checking account. Alarmed at this, Ennia prompted the debtor to open a checking account at Industrial Valley Bank ("IVB"). Into this account the debtor deposited premiums collected under Ennia's policies while Ennia deposited funds to cover claims against Ennia's policies and, in fact, the debtor drew checks on the account to satisfy such claims. Also deposited into this account were funds which were in no manner traceable to Ennia or Ennia's insurance arrangement with the debtor.

The account was opened in the name of "William H. Vaughan & Co., Inc." and the only name on the signature card, and thus the only party authorized to withdraw funds from the account, was William H. Vaughan, the debtor's president. When the debtor's supply of checks for this account was exhausted, it ordered new checks bearing the name "William H. Vaughan & Co., Inc., Ennia Trust Ac-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

count," although the debtor never took any steps to have this name change reflected on IVB's books. Neither the terms of the account nor the deposit agreement indicate that a trust was created.

Ennia failed to prove by clear and convincing evidence that the debtor ever intended the bank account to constitute an irrevocable trust as Ennia apparently contends. Its suggestion to create the account followed its consideration of several other alternatives which would have provided greater security for its interest in the fund, but these choices were rejected because other aspects of these choices presented the risk of unfavorable ramifications. Ennia, being an insurance company possessing significant business acumen, acquiesced in the creation of the account, when it knew or should have known that its interest in the fund was not protected by a formal trust.

The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). At that time the debtor was significantly indebted to IVB. The debtor filed the instant motion against IVB urging it to disburse the funds in the debtor's account to Ennia on the theory that the funds were not property of the debtor's bankruptcy estate but were funds held in trust for Ennia. IVB, believing the funds were not in trust but rather property of the estate, filed a motion for relief from the automatic stay to setoff the funds in the bank account with the debtor's obligation to the bank. Ennia countered with its own motion for relief from the automatic stay with an eye toward obtaining possession of the funds in the bank account. Although the debtor's motion to disburse the bank funds to Ennia has been consolidated with the two motions for relief from the stay, the parties have agreed that the only question before the court is whether the funds in the bank account are property of the estate rather than being held in trust for Ennia. The parties, with our consent, have agreed to introduce further evidence at some subsequent hearing, on the issue of whether either party is entitled to relief

from the stay if the question is not mooted by our decision in this matter.

In this dispute Ennia asserts that the creation of the bank account at issue effected the establishment of a trust in favor of it. Ennia relies heavily on a line of cases construing the ramifications of totten trusts, which are bank accounts opened in the name of one depositor "in trust for" the benefit of another. To the contrary, IVB, of course, contends that no trust was created.

■ As stated above, the question presented for review is whether the debtor's bank account is property of the estate. The parties dispute whether state or federal law governs. Property of the estate is defined by 11 U.S.C. § 541 of the Code and thus provides a federal rule of decision on such questions. Nonetheless, subject to certain exceptions not pertinent here, property of the estate consists of all interests in property that the debtor held immediately prior to the filing of the petition. Except to the extent that the Code provides otherwise, state law and federal nonbankruptcy law define the contours of the debtor's interest in property. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Since the Code does not modify or preclude the application of pertinent state law, such state law provides the basis of our decision.

Moving to the merits of the case, the issue, as previously stated, is whether the debtor created a trust in favor of Ennia by opening a bank account and depositing funds therein. Such bank account trusts have received somewhat different treatment in the law than other forms of trusts. *See, e.g.*, I Scott *Law of Trusts* §§ 58 to 58.6 (3d ed. 1967). Professor Scott, author of the learned treatise on trusts and reporter on trusts for the American Law Institute, has stated that the "intention of the depositor when he makes a deposit in his own name in trust for another may be (1) to create an irrevocable trust; (2) not to create a trust; (3) to create a revocable trust." *Id.* at § 58.1. The third variant is also commonly known as a "totten trust,"

taking its name from the seminal case of the same name, *In Re Totten*, 179 N.Y. 112, 71 N.E. 748 (1904). As is stated in another treatise on trusts:

Under the elementary principles concerning the creation of trusts ..., it might be assumed that the mere deposit of money in a bank by A to the credit of "A, in trust for B" would lead inevitably to the establishment of a trust. The depositor calls himself a trustee of specific trust property, the claim against the bank. His declaration is communicated to a third party, namely the officer of the bank. The beneficiary is clearly identified. No further formality is required.

However certain practical considerations have led the courts to treat such a deposit as ambiguous and as possibly indicating no real trust intent. The trust form may be used by the depositor to attempt to conceal his property for tax or other reasons, or to avoid a limitation on the size of a single savings bank account, or to secure greater interest, or to split up his bank deposits for the purpose of qualification for federal deposit insurance protection where the dollar amount of a single protected account is limited, or in some other way as indicating an intent to use the beneficiary named in the title of the account as a mere dummy or straw man.

Bogert *Law of Trusts* § 20 (5th ed. 1973) (footnotes omitted). In order to vitiate some of the confusion surrounding this subject, the Pennsylvania legislature, in 1976, passed several provisions on multiple-party bank accounts. 20 Pa.Con.Stat.Ann. §§ 6301 to 6306 (Purdon 1975 & Supp. 1985). In pertinent part the statute states as follows:

§ 6301. Definitions

The following words and phrases when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

"Account" means a contract of deposit of funds between a depositor and a financial institution, and includes a checking account, saving account, certificate of deposit, share account and other like arrangements.

\* \* \* \* \* \*

"Trust account" means an account in the name of one or more parties as trustee for one or more beneficiaries where the relationship is established by the form of the account and the deposit agreement with the financial institution and there is no subject of the trust other than the sum on deposit in the account; it is not essential that payment to the beneficiary be mentioned in the deposit agreement. A trust account does not include a regular trust account under a testamentary trust or a trust agreement which has significance apart from the account, or a fiduciary account arising from a fiduciary relation such as attorney-client.

\* \* \* \* \* \*

§ 6303. Ownership during lifetime

(a) ...

(b) Trust account.—*Unless a contrary intent is manifested by the terms of the account or the deposit agreement or there is other clear and convincing evidence of an irrevocable trust,* a trust account belongs beneficially to the trustee during his lifetime, and if two or more parties are named as trustees of the account during their lifetimes beneficial rights as between them are governed by subsection (a). If there is an irrevocable trust, the account belongs beneficially to the beneficiary.

\* \* \* \* \* \*

§ 6304. Right of survivorship

(a) ...

(b) Trust account.—At the death of the trustee or the survivor of two or more trustees, any sum remaining on deposit belongs to the person or persons named as beneficiaries, if surviving, or to the survivor or survivors of them if one or more die before the trustee or last surviving trustee, unless there is clear and convincing evidence of a contrary intent; if two or more beneficiaries survive,

there is no right of survivorship in event of death of any beneficiary thereafter unless the terms of the account or deposit agreement expressly provide for survivorship between them.

\*     \*     \*     \*     \*     \*

20 Pa.Cons.Stat.Ann. §§ 6301—6304 (in part) (Purdon 1975 & Supp.1985) (emphasis added). The language we highlighted under § 6303(b) indicates that "[u]nless a contrary intent is manifested by the terms of the account or the deposit agreement or there is other clear and convincing evidence of an irrevocable trust," during the life of the depositor the funds belong to the depositor. The Official Comments to §§ 6301 to 6306, which were prepared by the Joint State Government Commission, reveal that:

[Section 6303(b)] reflects the assumption that a person who deposits funds in a multiple-party account normally does not intend to make an irrevocable gift of all or any part of the funds represented by the deposit. Rather, he usually intends no present change of beneficial ownership. The assumption may be disproved by proof than a gift was intended.

\*     \*     \*     \*     \*     \*

Subsection [6304(b)] continues existing case law that an account opened by "A" in his name as "trustee for B" usually is intended by "A" to be an informal will of any balance remaining on deposit at his death. The section is framed so that accounts with more than one "trustee," or more than one "beneficiary", can be accommodated.

\*     \*     \*     \*     \*     \*

Official Comments to §§ 6303 and 6304 (in part).

In a recent case, the United States Court of Appeals for the Third Circuit has construed §§ 6303 and 6304 and the Official Comments thereto and upheld the clear wording of the provisions. *Cannuni on Behalf of Cannuni v. Schweiker*, 740 F.2d 260 (3d Cir.1984). In that case, the Social Security Administration ("SSA") denied a retarded minor Supplemental Security Income because it alleged that he held assets in excess of those allowable under SSA's guidelines. The basis for its conclusion was that the minor's parents had several bank accounts and certificates of deposit in their own names "in trust for" the minor. The certificates of deposit were so titled at the behest of a bank manager who suggested that the parents put the money "in savings in trust of [the son so] that if anything would happen to you in the future [the son] would have the money." 740 F.2d at 262. Furthermore, the son did not have access to the funds due to his mental condition and because he lacked the key to the safety deposit box in which were kept the bank pass books and apparently also the certificates of deposit.

After quoting and summarizing portions of §§ 6303 and 6304, the court in *Cannuni* stated:

Pennsylvania courts have also long recognized "totten trusts," that is, bank accounts in the name of the depositor "in trust for" a beneficiary. These arrangements are presumptively revocable at the will of the depositor. *See Estate of Tippins*, 487 Pa. 107, 111, 408 A.2d 1377, 1379 (1979); *Estate of Agostini* 311 Pa. Super. 233, 254–56, 457 A.2d 861, 872–73 (1983). The depositor retains complete control over these funds during his lifetime; ownership vests in the donee only on the depositor-trustee's death. *See Estate of McFetridge*, 472 Pa. 546, 550–51, 372 A.2d 823, 825 (1977); RESTATEMENT (SECOND) OF TRUSTS § 58 (1959).

In the matter at hand, the money used to open the accounts and purchase the certificates belonged to Mark's parents, and absent clear and convincing evidence to the contrary, they retained ownership in the sums on deposit. Here, none of the factors recited in the Pennsylvania cases weighing against the parents' ownership have been developed. The uncontroverted evidence is that the parents did not intend a gift *in praesenti* or an irrevocable trust, but wished only to provide for a transfer on survivorship.

*Cannuni*, 740 F.2d at 265 (footnote omitted). The court held that only a revocable, totten trust had been created, and therefore the son had no current, vested interest in any of the funds.

In the case at bench the documents creating the bank account bore the account name of "William H. Vaughan & Co., Inc." The title did not contain the term "trust" or the name "Ennia." The documentation was never changed to amend the name on the account. As stated above, in order to prevail under § 6303(b) Ennia must prove that (1) the documentation creating the account evinces an intent to grant the alleged beneficiary an irrevocable, present interest in the fund or that (2) "there is other clear and convincing evidence of an irrevocable trust...." Under the first prong, Ennia fails since the documentation creating the account is barren of any pertinent language. The fact that the debtor ordered a change in the name printed on the checks it subsequently obtained from the bank does not affect this result, since that change was legally insufficient to alter title to the account. Under the second alternative, Ennia fell far short of proving by clear and convincing evidence that the debtor intended to create an irrevocable trust in favor of Ennia. The debtor had complete control over the account, had an absolute right to close the account and commingle its other funds with Ennia's. At the time of the creation of the account Ennia pondered other means of assuring the safety of its money, but rejected these safer means due to the risk of certain other consequences. We hold that Ennia had no proprietory interest in the bank account so the funds of that account are property of the estate and we will accordingly enter an order denying Ennia's motion for disbursement of the funds to it.