### In the Matter of WILLIAM H. VAUGHAN & CO., INC.

Civ. A. No. 85–5887.

United States District Court, E.D. Pennsylvania.

July 24, 1986.

Jonathan Dryer, Philadelphia, Pa., for Ennia Ins. Co.

Albert Ciardi, A.W. Novasitis, Jr., Philadelphia, Pa., for Vaughan & Co.

Myron Bloom, Philadelphia, Pa., for Indus. Valley Bk.

L. Lichtenstein, Philadelphia, Pa., for trustee.

Fred Zimmerman, Pennsauken, N.J., Thomas A. Guise, Clerk, U.S. Bankruptcy Ct., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

In April, 1986, this Court issued a Memorandum and Order affirming the Bankruptcy Court's conclusion that funds in account # 898–294–5 at the Industrial Valley Bank were property of the bankruptcy estate of William H. Vaughan & Co., Inc., a Chapter 7 debtor. As property of the estate, funds in the IVB account were subject to the bank's right to set-off. In its appeal from the Bankruptcy Court's order Ennia Insurance Co. (U.K.) Ltd., contended that it had established a traditional, tripartite trust by means of the IVB account and that because of the trust arrangement, the funds in the IVB account belonged to Ennia, not the estate. For the reasons detailed in our prior memorandum, this Court rejected Ennia's trust theory.

Ennia also argued that the case of *Sherts v. Fulton National Bank of Lancaster,* 342 Pa. 337, 21 A.2d 18 (1941) should be applied in that the funds in the disputed account belonged to Ennia. In *Sherts,* the Pennsylvania Supreme Court held that funds in an attorney's specially designated "Farm Account" which consisted solely of $191.90 received on behalf of a decedent's estate were not subject to the

bank's right to set-off even though the designation of the account failed to put the bank on notice that the funds in the account did not belong to Sherts, the depositor.

Contrary to Ennia's argument in the presently pending motion for reconsideration, the decision of this Court that *Sherts* is inapposite was not, as Ennia suggests, a "substantial" factor in reaching our ultimate decision to affirm the Bankruptcy Court. Rather, our prior order was based upon the conclusion that there was no legally cognizable trust agreement between Vaughan and Ennia.

In our prior memorandum, we treated the *Sherts* case somewhat briefly because we affirmed the Bankruptcy Court's factual finding that the IVB account contained funds "which were in no manner traceable to Ennia or Ennia's insurance arrangement with the debtor". *In re William H. Vaughan & Co., Inc.*, 52 B.R. 701 at 702 (Bkrtcy.Pa.1985).

Ennia has once again focused the Court's attention upon the applicability of *Sherts* to this case and has now questioned the basis of the Bankruptcy Court's factual finding which we affirmed. We are concerned that our earlier treatment of the issues raised by *Sherts* might have engendered some confusion. Consequently, we will take this opportunity to clarify our prior opinion.

In order for *Sherts* to apply, Ennia must demonstrate that Vaughan was merely the custodian of the funds in the disputed IVB account in the same way that an attorney receives and holds funds on behalf of a client. To support its contention that it had such a relationship with Vaughan, Ennia points to testimony before the Bankruptcy Court to the effect that deposits into and withdrawals from the IVB account accurately reflected premiums collected by Vaughan on Ennia insurance contracts and payments made to claimants on Ennia policies.

While we recognized in our prior opinion that both Vaughan and Ennia hoped that the separate account would operate to insulate Ennia and its insureds from the effects of Vaughan's financial difficulties, we held that the arrangement was merely a variation of the traditional agency relationship existing between Vaughan and Ennia. We held that arrangement did not establish a traditional trust. Ennia now asks us to hold that the maintenance of a separate bank account under the conditions here existing otherwise establishes Ennia's ownership of the funds in the IVB account. Absent that conclusion, *Sherts* is not applicable.

The real question now before the Court is whether an insurance agency may prevent certain cash assets from becoming part of its estate should a bankruptcy occur by maintaining separate accounts on behalf of one or more of the insurance companies it represents. Ennia argues that if deposits and withdrawals from such accounts comport exactly with the agency's obligations to an insurance company and its insureds, it is the company and not the agency which "owns" the funds. If that is the case, such funds are not part of the bankruptcy estate and, therefore, not subject to the bank's right to set-off. Under *Sherts*, if someone other than the nominal account holder owns the funds, the account is not subject to set-off even if the bank was without notice of the third party's ownership.

Because we can see no reason to depart from our prior conclusion that Vaughan's opening of the disputed IVB account for the purpose of more carefully serving Ennia did not alter the existing relationship between Vaughan and Ennia by establishing a trust, we likewise fail to see how the opening of the separate account otherwise conferred ownership of the funds therein upon Ennia. For this reason, the finding that Ennia characterizes as being of critical importance, *viz.*, that the IVB account in question contained commingled funds, is not truly dispositive. We affirmed that finding based upon our conclusion that it was supported by testimony that funds ultimately transferred to the disputed account were first commingled in other Vaughan accounts prior to transfer to the

**440**

IVB account. However, the significance of that finding is not in the commingling *per se*. Rather, the significance of prior commingling is the fact that it demonstrates Vaughan's freedom to collect and dispose of the Ennia premiums just as it did with premiums owed to other companies it may have represented, lending further support to the conclusion that the relationship between Vaughan and Ennia was in no way altered. Moreover, contrary to Ennia's characterization, the funds were not later transmitted to Ennia. Instead, they were later transferred to another Vaughan account, *i.e.*, the IVB account, which, as the Bankruptcy Court concluded and we agreed, was a "Totten" trust.

For the foregoing reasons, as well as for those given in our prior memorandum, we again conclude that the funds in the disputed account are property of the estate and not of Ennia. Ennia previously failed to establish a trust arrangement between itself and Vaughan and has also failed to establish the kind of fiduciary relationship essential to the applicability of *Sherts v. Fulton National Bank of Lancaster*. Consequently, there is no basis upon which the Court could conclude that Ennia owns the funds in the IVB account. Thus, *Sherts* does not require reversal of the Bankruptcy Court's decision which we affirmed.