In re Ronald L. MEADE, Terry A. Meade, Debtors.

Larry E. STAATS, Trustee, Plaintiff,

v.

Ronald L. MEADE, Terry A. Meade, Defendants.

Bankruptcy No. 2–85–03596.
Adv. No. 2–87–0330.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Feb. 23, 1988.

Mark Ditullio, Columbus, Ohio, for trustee.

Richard Ovestrud, Columbus, Ohio, for debtors.

## OPINION AND ORDER ON COMPLAINT TO RECOVER CASH–TYPE ASSETS

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court on the trustee's (plaintiff herein) complaint to recover cash-type assets. The issues raised in that complaint were tried before this Court on February 8, 1988, after which the Court took this matter under advisement.

The Court has jurisdiction to determine the issues raised by this case pursuant to

28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(E). The following constitutes findings of fact and conclusions pursuant to Bankr.R. 7052.

The Meades filed bankruptcy under Chapter 7 on November 12, 1985. The trustee alleges that, at the time of filing, the Meades possessed assets in the nature of cash totalling approximately $5,105.94. This total consisted of valuations placed on bonds, savings accounts, tax refunds, and personal earnings of the Meades. Mr. Meade is said to have possessed $2,910.81 of assets in the nature of cash at the time of filing, while Mrs. Meade is alleged to have had $2,195.13 at filing. After deducting from these amounts the exemptions allowed under § 2329.66(A)(4)(a) and 2329.-66(A)(17), the trustee is seeking to recover $2,110.81 from Mr. Meade, and $1,395.13 from Mrs. Meade.

The issue in the case at bar is, what amounts of the total sum alleged to be assets in the nature of cash constitute property of the estate, and thus recoverable by the trustee? Property of the estate under 11 U.S.C. § 541(a) is defined as follows:

(a) The commencement of a case [under] section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with the debtors' spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, and or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

The plaintiff seeks to recover four kinds of assets: 1) bonds; 2) cash in bank savings accounts; 3) tax refunds; and 4) personal earnings. The Court will address each of these separately.

I. *Bonds*

The Meades held four government bonds at the time of filing, each having a face value of $50. The scope of § 541(a) is broad, and includes all kinds of property, both tangible and intangible. HR Rep No. 95–595, 95th Cong. 1st Sess 367–8 (1977); S Rep No. 95–989, 95th Cong. 2d Sess 82–83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Stocks and other forms of securities are regarded by the courts as property of the estate. *In re Cumberland Enterprises, Inc.,* 22 B.R. 626 (Bankr.Tenn. 1982); *In re Kontaratos,* 10 B.R. 956 (Bankr.Me.1981). The bonds in the instant case are admittedly owned by the Meades.

The bonds, therefore, are property of the estate that the plaintiff is entitled to recover.

## II. *Savings Account*

■ Deposits on hand in a savings account in a debtor's name are property of the estate. *In re Tele–Tone Radio Corp.*, 133 F.Supp. 739 (D.N.J.1955). The Meades argue that amounts in the accounts were being held in trust for his employer as remuneration for travel expenses. Unless such account is expressly established as a trust or reserve account, however, the deposit in that account is regarded as property of the estate. *In re William H. Vaughan & Co., Inc.*, 52 B.R. 701 (Bankr. Pa.1985), *affirmed* 63 B.R. 438 (D.Pa.1986). In the case at bar, the evidence does not indicate that the savings accounts were established as trust or reserve accounts. The Court finds that the deposits in those accounts are property of the estate and recoverable by the plaintiff.

## III. *Tax Refunds*

■ The plaintiff seeks to recover certain percentages of Mr. and Mrs. Meade's 1985 federal and state income tax refunds. (Plaintiff's Exhibit 1). From Mr. Meade, the plaintiff seeks to recover $1,982.41 of $2,289.81 received as a refund from federal taxes, and $170.44 of $196.87 received as a refund from state taxes. The plaintiff seeks to recover from Mrs. Meade $1,279.75 of $1,478.19 received as a refund from federal taxes, and $142.52 of $164.62 received as a refund from state taxes.

The Meades argue that these amounts are not recoverable at this time because the possibility of their being audited by the IRS makes the amounts received as refunds uncertain. Thus, they argue that if audited, they will in all likelihood be required to repay the IRS. Mr. Meade testified that he was certain he would be audited. The plaintiff testified that he contacted the IRS and was informed by them that the Meades were not on the IRS audit list.

In the case of *Matter of Doan*, 672 F.2d 831 (11th Cir.1982), the court faced a similar issue. In that case, the debtors argued that as the amount of a tax refund does not become fixed until the end of the tax year, it would be impractical to apply 11 U.S.C. § 541(a) so as to include the refund as property of the estate. *Id.* at 833. In other words, the issue in *Doan*, as in the instant case, is whether the uncertainty as to the actual amount of the refund excludes the application of 11 U.S.C. § 541(a). In *Doan*, the court answered this question in the negative, holding that:

> Supreme Court precedent makes clear, however, that this argument does not limit the broad sweep of Section 541. [Citing *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)].

In the instant case, the Court cannot conclude that the possibility of a tax audit renders the amount of the refunds uncertain so as to preclude their recovery by the trustee. There is no evidence, other than Mr. Meade's speculation, based upon having been audited in the past, that he will be audited for returns filed in tax year 1985. The plaintiff's testimony of his inquiry to the IRS that the Meades were not on the IRS' audit list certainly does not preclude the possibility of the Meades being audited for tax year 1985. The Court must find, however, based upon *Doan*, that the federal and state tax refunds are recoverable by the plaintiff in the amounts calculated.

## IV. *Personal Earnings*

■ The plaintiff seeks to recover unexempt wages from Mr. Meade in the amount of $457.96, and from Mrs. Meade in the amount of $472.86. The wages to be included in the debtor's estate are those earned prepetition, but unpaid, at the time of filing. Postpetition wages are not included as property of the estate. *Matter of Hellums*, 772 F.2d 379 (7th Cir.1985). Joint Exhibits V and VI in the case at bar demonstrate that the plaintiff ascertained the amount of earned, but unpaid wages, at the date of filing of bankruptcy by the Meades, and that calculation does not include wages earned postpetition. Accordingly, the plaintiff is entitled to recover from the Meades' wages earned, but un-

paid, at the time they filed bankruptcy. *In re Stephens,* 43 B.R. 97 (Bankr.Ala.1984); *In re Gagne,* 16 B.R. 24 (Bankr.Ohio 1981); *In re Griffin,* 1 B.R. 653 (Bankr.Tenn. 1979).

On the basis of the foregoing findings of fact and conclusions of law, judgment is entered for the plaintiff, in the amounts prayed for in his complaint.

IT IS SO ORDERED.