**In re Harvey Thomas GOINS, Cynthia Sue Goins, Debtors.**

**Bankruptcy No. 94–50867.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Dec. 1, 1994.

Sara J. Daneman, Blacklick, OH, for Chapter 7 Trustee.

Samuel L. Calig, Calig & Handelman, Columbus, OH, for debtors.

Larry Zingarelli, Columbus, OH, Sp. Counsel to Chapter 7 Trustee.

### OPINION AND ORDER GRANTING MOTION TO COMPROMISE PERSONAL INJURY CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the motion of Sara J. Daneman, Chapter 7 Trustee ("Trustee"), to approve the compromise of the disputed wrongful discharge and discrimination claim against Johnson Controls, Inc., which is the subject of a lawsuit pending in the United States District Court for the Southern District of Ohio captioned *Harvey Goins v. Johnson Controls, Inc.,* Case No. C2–93–965. Harvey and Cynthia Goins, the debtors herein ("Debtors"), objected to the proposed compromise and asked for a clarification as to the elements and consideration used to arrive at the valuation established in the proposed settlement. A hearing was held on September 13, 1994, at which time the Debtors and the Trustee appeared. Johnson Controls, Inc. apparently received no notice of the hearing, and no representative of that party was present.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which this bankruptcy judge may hear and determine.

### Factual Background

The Debtors filed their chapter 7 petition on February 18, 1994. Among the assets listed in their schedules was the discrimination lawsuit which is the subject of the Trustee's motion to compromise. Although the Debtors did not assign a specific value to the discrimination suit, Harvey Goins sought in his prepetition complaint $25,000.00 in compensation and punitive damages, together with back pay and reinstatement to his former position. Following the Debtors' bankruptcy filing, Larry Zingarelli, the attorney who initiated the discrimination suit on behalf of Harvey Goins, was appointed as special counsel to the Trustee in order to pursue the wrongful discharge claim. Mr. Zingarelli ultimately negotiated a settlement of the claim with Johnson Controls, Inc. for the sum of $12,500.00. The Trustee now seeks this Court's approval of that compromise.

The Trustee filed her motion on July 18, 1994. On July 26, 1994, the Clerk of this Court mailed copies of the Trustee's Notice of Proposed Compromise to all parties in interest. The notice stated that unless a party in interest objected to the proposed compromise within thirty (30) days from the date of the notice, the Trustee would submit an order to the Court authorizing the proposed compromise. Apart from the Debtors, no other party objected to the compromise.

The Debtors' objection is based on their contention that Harvey Goins' claim for reinstatement represents a cause of action for future earnings which under the "earnings exception" found in 11 U.S.C. § 541(a)(6) is not property of the bankruptcy estate. Debtors do not question the authority of the Trustee to compromise the discrimination suit, nor do they dispute the value of the

claim as evidenced by the proposed compromise.[1]

What the Debtors appear to be objecting to is the failure of the Trustee and Johnson Controls, Inc. to allocate any portion of the settlement proceeds specifically to Mr. Goins' reinstatement claim. In the Debtors' view, such an allocation should be mandated since any part of the settlement proceeds attributable to the reinstatement claim would constitute "future earnings" excepted from property of the estate by 11 U.S.C. § 541(a)(6).

### Legal Analysis

Title 11, United States Code, Section 541(a)(1) provides that the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case. Under this provision, a cause of action for employment discrimination is clearly property of the estate. *In re Carson,* 82 B.R. 847, 850–51 (Bankr. S.D.Ohio 1987).

Notwithstanding the fact that Mr. Goins' discrimination suit is property of the estate under § 541(a)(1), the Debtors contend that § 541(a)(6) excepts the reinstatement component of Mr. Goins' claim as "earnings from services performed by an individual debtor after the commencement of the case." Debtors offer as support for this exception the bankruptcy cases *Rau v. Ryerson (In re Ryerson),* 739 F.2d 1423, 1426 (9th Cir.1984); *In re Meade,* 84 B.R. 106, 108 (Bankr.S.D.Ohio 1988); and *In re Molina Y Vedia,* 150 B.R. 393, 397 (S.D.Tex.1992).

The Court does not dispute that a "future earnings" exception exists. Plainly, the statute provides that the "earnings from services performed by an individual debtor after the commencement of the [bankruptcy] case" are not property of the bankruptcy estate. 11 U.S.C. § 541(a)(6). Accordingly, the above cases cited by the Debtors which recognize such an exception, but which are factually dissimilar to this case, are not useful in determining whether the exception is applicable to Mr. Goins' reinstatement claim.

The Debtors concede that the *Carson* decision represents the only reported precedent involving a similar determination. They seek to distinguish *Carson,* however, on the basis that Judge Cole's rejection of a similar argument advanced by the Carsons as to "front pay" does not foreclose the Debtors' argument that because reinstatement would necessarily involve post-petition services, the "future earnings" exception would apply in Mr. Goins' case.

The Court finds that *Carson* is not only instructive and useful, as the Debtors suggest, but rather is dispositive of the issue at hand. In this proceeding, just as in *Carson,* the settlement proceeds are not in any way conditioned upon the actual performance of post-petition services by Mr. Goins. *See* 82 B.R. at 852. Accordingly, the "future earnings" exception found in 11 U.S.C. § 541(a)(6) is inapplicable, and the Debtors' objection to the proposed compromise is **OVERRULED.**

Having disposed of the sole objection, the Court further finds the proposed compromise to be in the best interests of the estate. The Court, therefore, **GRANTS** the Trustee's motion for approval of the compromise of the disputed wrongful discharge and discrimination claims against Johnson Controls, Inc. pursuant to the terms set forth in the Notice of Compromise.

IT IS SO ORDERED.

---

1. In fact, the Debtors have now amended their bankruptcy schedules to assert an exemption for the $12,500.00 settlement proceeds.