A93A2066. SHAHEEN & COMPANY v. NATIONSBANK OF GEORGIA.
(441 SE2d 769)

BIRDSONG, Presiding Judge.

Pursuant to the grant of a discretionary appeal under OCGA § 5-6-35 (a) (4), Shaheen & Company appeals the denial of its traverse to NationsBank's answer to a garnishment.

In January 1992, Shaheen obtained a judgment against R. J. Fasteners, Inc. ("Fasteners") and Ronald Jacobson, individually, d/b/a Nova Products & Design, in the amount of $17,500. Jacobson is an employee of Fasteners. Subsequently, Shaheen filed garnishments on accounts Fasteners and Jacobson had with NationsBank. After Fasteners filed a petition for Chapter 11 Bankruptcy, Shaheen dismissed the garnishments against those accounts. Jacobson, however, has not sought bankruptcy protection.

Then, Shaheen filed a garnishment against Jacobson's wages with

Fasteners as garnishee. As Fasteners did not answer this garnishment, Shaheen obtained a default judgment against Fasteners under OCGA § 18-4-90 which Fasteners has not challenged under OCGA § 18-4-91. Subsequently, Shaheen filed a garnishment on Fasteners' bank account with NationsBank as garnishee based upon this default judgment against Fasteners.

NationsBank answered this garnishment asserting that the automatic stay in bankruptcy (11 USC § 362 (a)) applied to this judgment because the judgment was based upon a pre-bankruptcy debt. Shaheen filed a traverse to this answer, and after a hearing, the trial court denied the traverse. This discretionary appeal followed. *Held*:

As this garnishment attempted to collect funds owed by Jacobson that were in Fasteners' possession, it was not an action against Fasteners which would come within the protection of 11 USC § 362 (a). Shaheen's garnishment of Fasteners' checking account was based upon Jacobson's debt and not Fasteners' pre-bankruptcy debt. When the default judgment was obtained against Fasteners, it was converted to Fasteners' post-bankruptcy debt by Fasteners' post-bankruptcy failure to respond to the garnishment of Jacobson's wages. As the automatic stay provisions protect only the debtor, property of the debtor, or property of the estate (*Credit Alliance Corp. v. Williams*, 851 F2d 119, 121-122 (4th Cir.)) and as Jacobson was not entitled to the protection of the automatic stay in bankruptcy merely because of his relationship with Fasteners who was a bankruptcy debtor (*Maritime Elec. Co. v. United Jersey Bank*, 959 F2d 1194, 1205 (3d Cir.)), Jacobson's wages in Fasteners' possession were not protected from garnishment by 11 USC § 362 (a). Further, nothing authorized Fasteners, as the garnishee, to ignore a garnishment of Jacobson's wages. See OCGA § 18-4-62.

Therefore, as Fasteners did not file an answer to the garnishment, the trial court was authorized to enter a default judgment against Fasteners for the full amount claimed due on the judgment against Jacobson's wages. OCGA § 18-4-90. Consequently, this default judgment against Fasteners, which was based upon the garnishment of Jacobson's wages, as a matter of fact, was a new debt that was incurred after the filing of Fasteners' bankruptcy petition. Thus, the automatic stay in 11 USC § 362 (a) provided no protection.

As the garnishment was plainly upon Jacobson's wages in Fasteners' possession, we find no support for NationsBank's contentions that Shaheen failed to raise the arguments it relies upon on appeal in the trial court.

Accordingly, Shaheen's post-bankruptcy default judgment against Fasteners was not based upon Fasteners' pre-petition debt. Therefore, the judgment of the lower court must be reversed.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1994 —
RECONSIDERATION DENIED MARCH 9, 1994 —

*Frederick J. Hanna, Elizabeth C. Whealler*, for appellant.
*Alston & Bird, Bradley L. Cooper*, for appellee.