S94G0992. NATIONSBANK OF GEORGIA v. SHAHEEN & COMPANY.
(448 SE2d 688)

FLETCHER, Justice.

We granted certiorari in this case to consider whether Shaheen & Company's garnishment action against NationsBank as garnishee and Fasteners, Inc. as defendant was subject to the automatic stay provi-

sions of the Bankruptcy Code, 11 USC § 362 (a). We hold that the garnishment action was subject to the automatic stay and reverse.

In January 1992, Shaheen obtained a $17,500 judgment against Fasteners, Inc. and R. Jacobson, Fasteners' president. On February 3, 1992, Fasteners filed a bankruptcy petition. On March 19, 1992 Shaheen served a summons of continuing garnishment on Fasteners as garnishee, seeking to recover wages earned by Jacobson. Fasteners did not file an answer to the summons and Shaheen obtained a default judgment against Fasteners.

Armed with this default judgment, Shaheen initiated the garnishment action at issue in this appeal. On August 12, 1992, Shaheen served a summons on NationsBank as garnishee and Fasteners as defendant commanding NationsBank to:

> immediately hold all property, money, wages, except what is exempt, belonging to the Defendant [Fasteners], or debts owed to the Defendant named above at the time of service of this summons between the time of service of this summons and the time of making your answer . . . .

In response to the summons, NationsBank stated that it was prevented from answering with funds from Fasteners' accounts due to the pendency of the bankruptcy case and the bankruptcy court's automatic stay. Shaheen traversed the answer and the state court ruled in favor of NationsBank, holding that Fasteners' accounts in NationsBank's possession were protected by the automatic stay in Fasteners' bankruptcy case.

The Court of Appeals reversed, holding that the default judgment against Fasteners, based on the garnishment of Jacobson's wages, was a new debt incurred after the filing of Fasteners' bankruptcy petition and, thus, was not subject to the automatic stay. *Shaheen & Co. v. NationsBank of Ga.*, 212 Ga. App. 333 (441 SE2d 769) (1994).

1. The automatic stay provision of the Bankruptcy Code provides, in part, that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 USC § 362 (a) (3). The language of subsection (a) (3) permits no distinction between claims arising prior to the filing of the bankruptcy petition and claims arising after its filing. This reading is confirmed by a review of other subsections, which expressly restrict the reach of the stay to certain actions pertaining to claims or debts "that arose before the commencement of the case" or judgments "obtained before the commencement of the case." 11 USC § 362 (a) (1), (2), (5), (6), and (7). The federal courts have reached the same result

in interpreting subsection 362 (a) (3). See, e.g., *Bellini Imports, Ltd. v. Mason & Dixon Lines,* 944 F2d 199, 201 (4th Cir. 1991) (garnishment action to enforce post-petition claim subject to stay provisions of section 362 (a) (3)); *In re Growth Dev. Corp.,* 168 B.R. 1009, 1016-1017 (Bankr. N.D. Ga. 1994) (same). Thus, the automatic stay applies to an act on a post-petition claim if that act seeks to obtain estate property.

2. Shaheen contends that the garnishment did not seek to obtain estate property because Shaheen was attempting to collect funds owed by Jacobson that were in Fasteners' possession. Regardless of what Shaheen was attempting to accomplish, the garnishment action directed NationsBank to hold "all property . . . belonging to the Defendant [Fasteners]." The Bankruptcy Code provides that "all legal or equitable interests of the debtor in property as of the commencement of the case" are part of the bankruptcy "estate." 11 USC § 541 (a) (1). Fasteners had a sufficient interest in funds maintained in its NationsBank account to render the funds estate property. See *In re Growth Dev. Corp.,* 168 B.R. at 1017 (debtor's bank accounts indisputably property of bankruptcy estate); *In re Meade,* 84 B.R. 106, 108 (Bankr. S.D. Ohio 1988) (unless account is expressly established as a trust account, funds in account are property of bankruptcy estate).

Shaheen also contends that the funds are excluded from the bankruptcy estate because the funds were acquired by Fasteners after the filing of the bankruptcy petition. Shaheen, however, offered no evidence that the NationsBank account funds were acquired post-petition. Furthermore, under 11 USC § 541 (a) (6) and (7), the estate includes "[p]roceeds . . . rents, or profits of or from property of the estate" and "[a]ny interest in property that the estate acquires after the commencement of the case." These funds, therefore, were part of Fasteners' bankruptcy estate and were entitled to the protection of the automatic stay.

*Judgment reversed. All the Justices concur.*

Decided October 11, 1994.

*Alston & Bird, Bradley L. Cooper,* for appellant.
*Frederick J. Hanna, Elizabeth C. Whealler,* for appellee.